■ THOMAS JOINES, Appellant, v PAUL KARIKA et al., Respondents.—Harvey, J. Appeal from an order of the Supreme Court (Harlem, J.), entered January 4, 1991 in Broome County, which granted defendants' motion for summary judgment dismissing the complaint.

On February 9, 1988 at approximately 12:30 A.M., plaintiff, then 72 years old, fell in front of a building owned by defendants. Plaintiff was taken to a hospital where a blood alcohol test established his blood alcohol content to be .399%. Thereafter, plaintiff commenced this action against defendants seeking damages for injuries he sustained in the fall. The basis for this suit was plaintiff's claim that he slipped on a chunk of ice which defendants negligently allowed to remain on the sidewalk where the accident occurred. Following joinder of issue, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion and this appeal followed.

We affirm. Defendants met their initial burden of a summary judgment motion (CPLR 3212 [b]; see, Wilder v Rensselaer Polytechnic Inst., 175 AD2d 534) by, inter alia, producing

proof in admissible form that they were not negligent with respect to the sidewalk in question. Defendants averred that the sidewalk in front of their establishment was checked at least twice a day and that if a chunk of ice was present on the sidewalk it would have been removed when the sidewalk was checked on February 8, 1988. The burden then shifted to plaintiff to come forward with proof, in admissible form, raising an issue of fact as to defendants' negligence necessitating a trial of the issue (see, supra, at 535; see also, Zuckerman v City of New York, 49 NY2d 557, 562). Supreme Court correctly concluded that plaintiff's proof was insufficient for that purpose.

As pointed out by defendants, plaintiff presented no competent proof that he actually fell on a chunk of ice as he claims in his deposition testimony. In that testimony, plaintiff admits that he did not observe the chunk of ice that allegedly caused his fall either before or after the accident. Instead, the sole basis for his claim that ice played a part in the occurrence is his statement that an unknown passerby told him that he had stepped on a chunk of ice. However, there can be little dispute that "conclusory hearsay from unidentified sources is inadequate to defeat a motion for summary judgment" (Landisi v Beacon Community Dev. Agency, 180 AD2d 1000, 1002; see, Poluliah v Fidelity High Income Fund, 102 AD2d 720, 722-723).

The other affidavits plaintiff submitted on the motion, including one from a meteorologist pertaining to the weather conditions at that time, contain nothing more than sheer speculation that a slippery surface, as opposed to plaintiff's own intoxicated condition, was the precipitating cause of his fall. Moreover, plaintiff's proof fails to establish that defendants had actual or constructive notice of any alleged hazardous condition, especially when the accident occurred in the middle of the night giving defendants little opportunity to perceive or remedy a hazard. In any event, plaintiff's proof does not even satisfactorily establish where on the sidewalk the fall allegedly occurred. In the absence of any knowledge from plaintiff himself as to the cause of his fall, defendants were entitled to summary judgment dismissing the complaint.

Mikoll, J. P., Levine, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with costs.