OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiff commenced an action against his employer Consolidated Rail Corp. (Conrail), pursuant to the Federal Employers’ Liability Act (45 USC § 51 et seq.), to recover damages for injuries sustained while he was driving one of Conrail’s vehicles. After a jury trial, a judgment and verdict was rendered in plaintiff’s favor.
The Appellate Division modified, on the law, vacating the judgment and verdict and dismissing the complaint, on the ground that plaintiff had not satisfied the standard of review applicable to actions brought under the Federal Employers’ Liability Act (FELA), i.e., "whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought” (Rogers v Missouri Pac. R. R. Co., 352 US 500, 506 [1957], reh denied 353 US 943 [1957]; Atchison, Topeka & Santa Fe Ry. Co. v Buell, 480 US 557, 561-562 [1987]).
Plaintiff’s evidence consists primarily of the testimony that the vehicle he was driving at the time of the accident had been frequently complained about and repaired, had been in *748 service longer than the normal life span of these vehicles, and had been driven many thousands of miles. Even under the "low and liberal” standard applicable to FELA cases (Smith v National R. R. Passenger Corp., 856 F2d 467, 469 [2d Cir 1988]), plaintiff's evidence is insufficient as a matter of law, without total speculation (Atchison, Topeka & Santa Fe Ry. Co. v Toops, 281 US 351, 355), to permit the inference that any negligent act or omission on Conrail’s part caused his injuries.
The dissent’s position to the contrary is unpersuasive for several reasons. First, there is nothing in the Appellate Division’s ruling to indicate that it departed from existing law and limited its review of the evidence solely to the plaintiff’s proofs. Second, the additional evidence submitted by defendant Conrail does not support plaintiff’s case. For instance, the testimony of Conrail’s expert, so heavily relied upon by the dissent, refers generally to the effects on police vehicles of their increased use. There is no relationship between that testimony and the car in which plaintiff was injured in particular. Further, the cross-examination testimony of Conrail’s service manager is not supportive of plaintiff’s case. Finally, the dissent’s enumeration of more examples of "possible” negligence on Conrail’s part does not add anything but mere speculation to the proof that Conrail caused plaintiff’s injuries.