◼ DONALD STEPHENS, Respondent, v METRO-NORTH COMMUTER RAILROAD et al., Appellants. [612 NYS2d 513] —Peters, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an amended judgment of the Supreme Court (Fredman, J.), entered October 17, 1991 in Westchester County, upon a verdict rendered in favor of plaintiff.

Plaintiff commenced this personal injury action pursuant to the Federal Employers' Liability Act (45 USC § 51 *et seq.*) (hereinafter FELA) to recover damages sustained during his employment with defendant Metro-North Commuter Railroad. After deenergizing a section of railroad track, plaintiff slipped and fell on four to six inches of packed snow and/or ice while ascending up an embankment after walking along the railroad tracks. Following trial on the issue of liability, the jury determined that defendants were 100% liable for plaintiff's injuries. Supreme Court denied defendants' posttrial motion for judgment notwithstanding the verdict and defendants renewed their motion to dismiss the complaint. An amended interlocutory judgment was entered and defendants appeal.

It is well settled that the standard of negligence developed in FELA cases is considerably more liberal than that governing common-law negligence actions *(see, Curley v Consolidated Rail Corp.,* 178 AD2d 318, 319, *affd* 81 NY2d 746, *cert denied* — US —, 113 S Ct 2415; *Richards v South Buffalo Ry. Co.,* 54 AD2d 310, 311). In a FELA action, "the test * * * is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury * * * for which damages are sought" *(Rogers v Missouri Pac. R. R. Co.,* 352 US 500, 506; *see, Curley v Consolidated Rail Corp.,* 81 NY2d 746, 747, *cert denied* — US —, 113 S Ct 2415, *supra).* Applying these principles, we

find that the verdict was not against the weight of the evidence.

Plaintiff's evidence consisted of, *inter alia,* his own testimony and that of his co-worker and supervisor. Such testimony established that plaintiff was part of a nighttime overtime crew assigned to shovel and salt the passenger platforms. It was uncontested that it had snowed at least six hours before the accident and that it was snowing when plaintiff arrived for his overtime work. Plaintiff was advised by his supervisor of a nearby burning bracket and ordered along with others from the overtime crew to deenergize the electrified track in the vicinity of the burning bracket. Plaintiff's supervisor admitted that although he considered a burning bracket to be an emergency situation, rather than assigning a Metro-North emergency crew to remedy the situation, plaintiff and other overtime workers were assigned to this task. The testimony further established that there were alternatives to sending plaintiff to physically deenergize the track, including cutting electricity from substations. Moreover, testimony established that additional safety precautions, including better lighting and traction devices, were available and that procedures mandated by Metro-North's safety rules (which require supervisory personnel to ameliorate any slippery paths in hazardous weather conditions) were not followed. Finally, the power supervisor employed by Metro-North admitted that had he known of the adverse weather conditions and the lack of lighting at the track to be deenergized, other than flashlights used by plaintiff and his crew, he would have considered a different approach.

While it is generally accepted that railroad companies have "no control over the vagaries of the weather or climatic conditions [and] that there is no liability for injuries resulting from the mere existence of ice or snow * * * disconnected from other circumstances" *(Raudenbush v Baltimore & O. R. Co.,* 160 F2d 363, 366), where the snowfall is "considerable in quantity and allowed to remain for extended periods of time" *(supra,* at 367), the employer would be required to "exercise a reasonable degree of care to prevent an accumulation of snow or ice in such quantity and location as would constitute a menace to the safety of the employees in the performance of their various duties" *(supra,* at 367). The degree of care required by such employer must have some "reasonable relationship to the ability of that party upon whom the duty is cast to perform such duty" *(supra,* at 367).

Based upon these principles, we find that the jury could

have reasonably concluded that Metro-North's supervisory personnel had actual or constructive notice of the hazardous weather conditions *(see, Gallose v Long Is. R. R. Co.,* 878 F2d 80, 85; *see generally, Joines v Karika,* 184 AD2d 945), that defendants breached their duty to provide a safe place to work and that such breach was the proximate cause of plaintiff's injuries *(see, Gallose v Long Is. R. R. Co., supra; DeChico v Metro-North Commuter R. R.,* 758 F2d 856; *Eaton v Long Is. R. R. Co.,* 398 F2d 738).

Mikoll, J. P., Crew III, White and Casey, JJ., concur. Ordered that the amended judgment is affirmed, with costs.