■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE WASHINGTON, Appellant. [652 NYS2d 967] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered June 30, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The challenged portion of the direct examination of the arresting officer, regarding drug sellers' methods of concealment of incriminating evidence, did not contain the type of statistical evidence condemned in *People v Kelsey* (194 AD2d 248, 252-253). On cross-examination, defendant opened the door to percentage testimony elicited by the People on redirect. We have reviewed defendant's remaining contentions and find them to be without merit. Concur—Nardelli, J. P., Rubin, Mazzarelli and Andrias, JJ.

■ CHRISTINA INGRASSIA, Respondent, v METRO-NORTH COMMUTER RAILROAD, Appellant. [653 NYS2d 9] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered August 13, 1996, which granted plaintiff's motion to reargue a prior order, same court and Justice, entered March 13, 1996, granting defendant's motion for summary judgment dismissing this action under the Federal Employers' Liability Act (45 USC § 51 *et seq.*), and upon reargument, denied the motion, unanimously affirmed, without costs.

Plaintiff's testimony at the examination before trial, that she "constantly" told defendant's supervisors of the threats that her co-employee directed at her, "report[ing] everything", recounting the nature of those threats and specific violent incidents, created a triable issue of fact as to whether the danger that the co-employee presented to plaintiff was reasonably foreseeable. Concur—Nardelli, J. P., Rubin, Mazzarelli and Andrias, JJ.