■ KATHLEEN POOLE, as Adminstratrix of the Estate of DAVID L. POOLE, Deceased, Respondent, v CONSOLIDATED RAIL CORPORATION, Appellant. (Appeal No. 1.) [662 NYS2d 905] —Judg-

ment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff, as administratrix of the estate of David L. Poole (decedent), seeks to recover damages from defendant, Consolidated Rail Corporation (Conrail), pursuant to the Federal Employers' Liability Act (FELA) for decedent's personal injuries and wrongful death allegedly resulting from a work-related accident that occurred in August 1985. At trial, plaintiff presented evidence that decedent fell from a wooden ladder while working on a gondola car, and that, as a result of that fall, decedent sustained a herniated disk, nerve root compression, radiculopathy and sexual impotence. The proof at trial further established that, in the fall of 1991, decedent was diagnosed with leukemia and he died of that disease in October 1992.

To establish Conrail's liability for wrongful death, plaintiff sought to prove that the physical and emotional suffering decedent endured after the accident destroyed his will to live and that, as a consequence, decedent decided to forego a bone marrow transplant, a potentially lifesaving treatment for his leukemia. The jury returned a verdict finding Conrail liable for wrongful death and awarded plaintiff $1 million in damages on that cause of action. The jury also awarded plaintiff $2 million for decedent's pain and suffering and $263,908 for medical expenses, loss of earnings and household services.

We modify the judgment by dismissing the wrongful death cause of action and vacating the award of damages entered thereon. The proof fails to establish that decedent's death from leukemia was a reasonably foreseeable consequence of Conrail's negligence in failing to provide a safe workplace (*see, Sullivan v Welsh*, 132 AD2d 945, 946, *appeal dismissed* 70 NY2d 796; *see generally, Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 314-316, *rearg denied* 52 NY2d 784, 829). "Even under the 'low and liberal' standard applicable to FELA cases (*Smith v National R. R. Passenger Corp.*, 856 F2d 467, 469 [2d Cir 1988]), plaintiff's evidence is insufficient as a matter of law, without total speculation (*Atchison, Topeka & Santa Fe Ry. Co. v Toops*, 281 US 351, 355), to permit the inference that any negligent act or omission on Conrail's part caused" decedent's death (*Curley v Consolidated Rail Corp.*, 81 NY2d 746, 748, *rearg denied* 81 NY2d 835, *cert denied* 508 US 940).

In view of our dismissal of the wrongful death cause of action, we do not address Conrail's contentions that Supreme Court erred in its evidentiary rulings and its charge to the jury relating to that cause of action. We reject the contentions that

the conduct of plaintiff's counsel during the presentation of evidence and summation deprived Conrail of a fair trial (*cf., Rohring v City of Niagara Falls*, 192 AD2d 228, 231, *affd* 84 NY2d 60); that the court improperly instructed the jury with respect to mitigation and apportionment of damages; and that the award of damages for pain and suffering is "so high as to shock 'judicial conscience'" (*Schneider v National R. R. Passenger Corp.*, 987 F2d 132, 137 [2d Cir 1993]; *see, Batchkowsky v Penn Cent. Co.*, 525 F2d 1121, 1124 [2d Cir 1975]). (Appeal from Judgment of Supreme Court, Erie County, Glownia, J.—Wrongful Death.) Present—Green, J. P., Lawton, Hayes, Wisner and Boehm, JJ.