■ JEANNE R. ANDERSEN et al., Appellants, v PARK CENTRE ASSOCIATES et al., Respondents. [673 NYS2d 396] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered June 24, 1997, which granted defendants' motion for summary judgment dismissing plaintiffs' complaint and denied plaintiffs' cross-motion for a special trial preference, unanimously reversed, on the law, without costs, the motion denied, the cross-motion granted and the complaint reinstated.

Defendants are the owners or operators of a hotel known as Park Central Hotel, located at 870 7th Avenue in Manhattan. Plaintiff Jeanne R. Andersen was a hotel patron staying with

friends in room 517 of the hotel on October 1, 1993. She asserts that immediately upon arriving at their room, she went to the bathroom to use the toilet. Although she did not observe a leak at first, she felt water dripping from the ceiling onto her right shoulder as she sat on the toilet. However, at that time she did not look to see if any water was on the floor next to her. When she got up from the toilet she stepped onto the floor, at which time her right foot slipped in an accumulation of water, causing her to fall to her right knee. After she fell, the right side of her body, from her hip down to her knee, was wet. She had not mentioned the leak to her friends in the room before she fell, nor did her friends observe the leak before the accident. However, immediately after her fall plaintiff told her friends what happened, and then called the hotel desk to report both the leak in the bathroom and her fall. At that point, hotel employees came to her room, placed a bucket and towel on the floor and cut a hole in the ceiling. The next day the leak was fixed.

In response to defendants' motion for summary judgment, challenging the sufficiency of plaintiff's evidence on the issue of notice, plaintiff submitted her own affidavit and those of two friends with whom she was staying in the hotel room at the time of the incident. All three affidavits asserted that the ceiling immediately surrounding the leak was stained with yellow and brown marks.

Proof of notice is essential to plaintiff's case (*Gordon v American Museum of Natural History*, 67 NY2d 836). In the absence of actual notice, plaintiff may demonstrate that the condition existed for a period of time sufficient to afford the defendant the opportunity to discover and correct it (see, *Rabat v GNAC Corp.*, 180 AD2d 540).

The existence of a wet spot, in and of itself, cannot demonstrate the requisite notice (*Fasolino v Charming Stores*, 77 NY2d 847). However, here evidence is offered of a brown and yellow water stain on the ceiling from which the water leak was coming, from which evidence it may be inferred that the leak was of significant duration.

While photographs of a defect may be useful as evidence of its presence for an extended period of time (see, *Batton v Elghanayan*, 43 NY2d 898; *Ferlito v Great S. Bay Assocs.*, 140 AD2d 408), there is no requirement that the plaintiff submit photographs of the stain in order to make a prima facie showing in support of her claim.

Nor is there any need for expert testimony to explain that a brownish discoloration on the ceiling was attributable to a wa-

ter leak. Expert testimony is only required when information would be beyond the ordinary knowledge and experience of the trier of fact (*see, Matott v Ward*, 48 NY2d 455). It is common knowledge that water leaks coming down through a ceiling cause such stains.

The assertion of plaintiff and her friends regarding the existence of the stain is sufficient to create an issue of fact as to whether the defendants had notice of the defect.

The cross-motion for a trial preference is granted in view of the undisputed evidence that plaintiff is over the age of 70 (CPLR 3403 [a] [4]). Concur—Milonas, J. P., Rosenberger, Nardelli, Tom and Saxe, JJ.