■ KEITH M. SWARTOUT, Respondent, v CONSOLIDATED RAIL CORPORATION, Appellant. [742 NYS2d 721] —Peters, J. Appeal from an order of the Supreme Court (Connor, J.), entered May 7, 2001 in Greene County, which denied defendant's motion for summary judgment dismissing the complaint.

This personal injury action was commenced pursuant to the

Federal Employers' Liability Act (45 USC § 51 *et seq.* [hereinafter FELA]) to recover damages for injuries allegedly sustained during the course of employment. According to plaintiff, on May 19, 1995, while operating a manual switch in a weedy area several feet from railroad tracks near the Town of Newburgh, Orange County, he was bitten by a black tick and contracted Lyme disease. Plaintiff's complaint alleges that defendant was negligent in failing to, inter alia, provide him with a safe working environment and in failing to warn him of the risk posed by Lyme disease. Following joinder of issue, but before the filing of the note of issue, defendant moved for summary judgment. Plaintiff opposed the motion and further contended that such determination was premature in light of outstanding discovery. Supreme Court denied defendant's motion and defendant appeals.

It is well settled that in deciding a motion for summary judgment, the trial court must view all the evidence in the light most favorable to the party against whom such judgment is sought (*see, B-S Indus. Contrs. v Town of Wells*, 173 AD2d 1053, 1054) and, where there is any doubt as to the existence of a triable issue of fact, it should deny the motion since the goal is issue finding rather than issue determination (*see, Sternbach v Cornell Univ.*, 162 AD2d 922, 923). In FELA cases, as compared to common-law negligence actions, the standard for determining negligence is "considerably more liberal" (*Stephens v Metro-North Commuter R.R.*, 204 AD2d 945, 945). "In a FELA action, 'the test * * * is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury * * * for which damages are sought' " (*id.* at 945, quoting *Rogers v Missouri Pac. R.R. Co.*, 352 US 500, 506). Recognizing that the proof presented in opposition to a motion for summary judgment under FELA may not be sufficient to raise a triable issue fact under a common-law negligence claim, we agree with Supreme Court that, upon the evidence presented, summary judgment was properly denied.

Here, it is undisputed that defendant had a duty to provide plaintiff with a safe working environment (*see, Ulfik v Metro-North Commuter R.R.*, 77 F3d 54, 58). Defendant could be found to have breached this duty if it knew, or should have known, that Lyme disease was a potential hazard which could be contracted by its employees while walking along the tracks "yet failed to exercise reasonable care to inform and protect its employees" (*id.* at 58). Hence, "[t]he touchstone of this negligence inquiry is the issue of foreseeability" (*id.* at 58).

Defendant alleges that plaintiff lacks any proof which could establish this element. Plaintiff asserts that foreseeability can be established by "similar incidences on the railroad and through media reports and medical literature read by officials for [defendant] * * * [and if] actual notice can not be proven, [p]laintiff will claim constructive notice of the dangers of [L]yme disease and its prevalence in the subject part of the State of New York." Plaintiff also asserts that discovery on this issue remains incomplete.

Recognizing that "the concept of foreseeability has been construed somewhat more liberally in FELA cases than it might otherwise be under common law" (*id.* at 58 n 1), we find that defendant failed to sustain its burden on this issue (*see, Grano v Long Is. R.R. Co.*, 818 F Supp 613, 618). Turning to causation, we would note that the conflicting medical affidavits submitted by these parties was sufficient to create a triable issue of fact under the relaxed negligence standards for FELA. For these reasons, the motion for summary judgment was properly denied.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.