■ PIO PANICCIA, Respondent, v LONG ISLAND RAIL ROAD COMPANY, Appellant, et al., Defendant. (Action No. 1.) DONALD TUTHILL, Respondent, v LONG ISLAND RAIL ROAD COMPANY, Appellant, et al., Defendant. (Action No. 2.) [746 NYS2d 607] ■

As a general rule, we do not consider any issue on a subsequent appeal that was raised, or could have been raised, on an earlier appeal which was dismissed for lack of prosecution, although we have the inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750; *Bray v Cox,* 38 NY2d 350; *Jelicks v Camacho,* 290 AD2d 535). Here, the Long Island Rail Road Company (hereinafter the LIRR) appealed from three prior orders of the Supreme Court, Kings County (Barbaro, J.), dated May 17, 2000, May 23, 2000, and May 25, 2000, which respectively denied its motion to change venue in action No. 2 from Kings County to Queens County, denied its motion requesting Justice Barbaro to recuse himself from presiding over the joint trial, and denied, in part, its motion for summary judgment on the ground that action No. 1 was barred by the applicable statute of limitations. Those ap-

peals were dismissed by this Court for failure to prosecute, and we decline to exercise our discretion to address these issues. Accordingly, the LIRR is barred from raising those issues on this appeal.

While we agree that "fear of cancer" can constitute a valid claim for damages where the plaintiff has manifested symptoms of a disease (*see Metro-North Commuter R. Co. v Buckley*, 521 US 424), the record in this case is insufficient to support such claim due to the restrictions placed by the trial court upon the testimony of the plaintiff in action No. 2. Accordingly, the plaintiff in action No. 2 is entitled to a new trial on damages.

The awards for damages in action No. 1 deviate materially from what would be reasonable compensation under the facts of that case and the awards should be reduced by the amount indicated (*see* CPLR 5505 [c]).

The Supreme Court erred in awarding interest from the date of the verdict to the date of the judgment in action No. 1. In cases dealing with the Federal Employers' Liability Act (45 USC § 51), state courts may not award prejudgment interest (*see Eschberger v Consolidated Rail Corp.*, 181 AD2d 1073; *see also Monessen Southwestern R. Co. v Morgan*, 486 US 330).

The remaining contentions of the LIRR are either unpreserved for appellate review or without merit. Feuerstein, J.P., Goldstein, McGinity and Crane, JJ., concur.