■ ANDREA COLBOURN, Respondent, v ISS INTERNATIONAL SERVICE SYSTEMS, INC., et al., Appellants. [757 NYS2d 291] —Order, Supreme Court, New York County (Walter Tolub, J.), entered November 29, 2002, which, in an action for personal injuries sustained when plaintiff allegedly slipped in a puddle of water that had dripped from a leaky ceiling, denied defendant cleaning contractor's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant's failure to produce its contract with the premises owner constitutes a defect in its prima facie showing requiring denial of its motion for summary judgment regardless of the sufficiency of plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Without a copy of that contract in the record, or other proof of its terms, it cannot be determined whether plaintiff, an employee of the premises owner, was an intended third-party beneficiary of the

contract who was owed a duty of care by defendant (*cf. Griffith v 505 W. 142nd St. Hous. Dev. Fund Corp.*, 269 AD2d 237 [2000]). We note that defendant's only deposition witness admitted having never seen the cleaning contract. In view of the foregoing, we do not reach the issue of whether defendant owed plaintiff a noncontractual duty of care (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 139, 140 [2002]). Assuming a duty of care, an issue of fact exists as to whether defendant had constructive notice of a recurrent leaky ceiling that dripped water on the floor where plaintiff allegedly slipped and fell. Such issue is raised by evidence showing that the portion of the ceiling above the place where plaintiff fell had a brown water stain and a history of leaking, that water was observed leaking from the affected ceiling area only hours after plaintiff fell, that defendant's maintenance obligations included replacing discolored ceiling tiles and tightening water pipe valves, and that the affected ceiling area was stained at the time of defendant's deposition (*see Griffith, supra*; *Andersen v Park Ctr. Assoc.*, 250 AD2d 473 [1998]). Concur—Mazzarelli, J.P., Sullivan, Ellerin, Lerner and Marlow, JJ.