■ ROBIN HAIRSTON, Respondent, v METRO-NORTH COMMUTER RAILROAD, Appellant. [768 NYS2d 453]—

Order, Supreme Court, New York County (Richard Braun, J.), entered on or about February 27, 2003, which, inter alia, denied defendant's motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant defendant's motion insofar as to dismiss the complaint to the extent it is predicated upon the Federal Safety Appliance Act (FSAA), and otherwise affirmed, without costs.

The motion court properly sustained plaintiff's Federal Employers' Liability Act (FELA) claim as against defendant's motion for summary judgment to the extent that it was premised on defendant's alleged failure to provide plaintiff, its employee, a safe workplace. A claim under FELA (45 USC § 51 *et seq.*) must be determined by the jury if there is any question as to whether employer negligence played a part, however small, in producing plaintiff's injury (*see Rogers v Missouri Pac. R.R. Co.*, 352 US 500, 506 [1957]; *Pidgeon v Metro-North Commuter R.R.*, 248 AD2d 318 [1998]). The record evidence showing that the ingress/egress ladder and the sill step on the train car from which plaintiff, a coach cleaner, fell were slippery and/or wet due to accumulated rain, snow, sleet and/or ice demonstrates the existence of such a question. Defendant had, at the very least, constructive notice of the prevailing icy weather conditions, but nevertheless directed plaintiff to work in an area where she would be exposed to slippery surfaces (*see Stephens v Metro-North Commuter R.R.*, 204 AD2d 945, 946-947 [1994]).

However, insofar as plaintiff sought relief under FELA predicated upon a purported violation of the Federal Safety Appliance Act (49 USC § 20302), her complaint should have been dismissed. The FSAA's requirements apply only to railcars that are actually "in use" (*see Phillips v CSX Transp., Inc.*, 190 F3d 285, 288 [1999], *cert denied* 529 US 1004 [2000]). Here, the car in question, parked in defendant's North White Plains yard and being cleaned prior to being approved for departure, was not in use (*see id.* at 289-290). Moreover, plaintiff's claim relying upon the FSAA was subject to dismissal for the additional reason that the statute's requirements pertain only to mechanical and structural aspects of equipment, they do not seek to assure that equipment will be safe for use notwithstanding external conditions causing accretions of foreign substances, e.g., snow and ice (*see Ford v New York, N.H. & H.R. Co.*, 54 F2d 342, 343 [1931],

*cert denied* 285 US 549 [1932]; *Nash v Norfolk & W. Ry. Co.*, 93 F Supp 2d 703, 705 [2000]). Plaintiff does not allege that the equipment itself was defective, only that it became hazardous from exposure to the weather conditions. Concur—Nardelli, J.P., Mazzarelli, Rosenberger, Lerner and Friedman, JJ.