■ Pio Paniccia, Appellant-Respondent, v Long Island Rail Road Company, Respondent-Appellant, et al., Defendant. [782 NYS2d 275]—

In an action to recover damages for personal injuries pursuant to the Federal Employers' Liability Act (45 USC § 51 *et seq.*), the plaintiff appeals, as limited by his brief, from so much of an amended judgment of the Supreme Court, Kings County (Barbaro, J.), dated February 13, 2003, as, upon a jury verdict awarding him damages in the principal sums of $600,000 for past pain and suffering and $2,400,000 for future pain and suffering, and upon the granting of the motion of the defendant Long Island Rail Road Company to set aside the verdict to the extent that a new trial was granted on the issue of damages only unless he stipulated to reduce the damages for past pain and suffering from the principal sum of $600,000 to the principal sum of $250,000 and for future pain and suffering from the principal sum of $2,400,000 to the principal sum of $1,000,000, and upon the plaintiff's stipulation to so reduce those damages, rejected his proposed method for computing the present value of the reduced award, and the defendant Long Island Rail Road Company cross-appeals, as limited by its brief, from so much of the amended judgment as awarded interest to the plaintiff from the date of the verdict to the date of entry of the initial judgment.

Ordered that the amended judgment is modified, on the law, by deleting the provision thereof awarding interest from the date of the verdict to the date of entry of the initial judgment; as so modified, the amended judgment is affirmed insofar as appealed and cross-appealed from, with costs payable by the plaintiff, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate second amended judgment containing a provision awarding interest on the principal sum of $871,721.49, computed at the rate of four percent per annum from the date of entry of the initial judgment.

The plaintiff commenced this action to recover damages for personal injuries against the defendant Long Island Rail Road Company (hereinafter LIRR) pursuant to the Federal Employers' Liability Act (hereinafter FELA) (see 45 USC § 51 et seq.). After a jury trial, the plaintiff was awarded the principal sums of $600,000 for past pain and suffering and $2,400,000 for future pain and suffering for a period of 24 years. On March 21, 2001, the Supreme Court entered judgment (hereinafter the initial judgment), in favor of the plaintiff and against the LIRR, inter alia, in the amount of $600,000 together with an amount equal to the net present value of $2,400,000, discounted at two percent per annum, calculated on the basis of a single lump-sum payment of $2,400,000 made 24 years after the date of entry of the initial judgment, with interest added from the date of the verdict to the date of entry of the initial judgment.

The LIRR appealed. We reversed the initial judgment and ordered a new trial on the issue of damages only unless the plaintiff filed a written stipulation consenting to a reduction of the verdict to the sums of $250,000 for past pain and suffering and $1,000,000 for future pain and suffering (see Paniccia v Long Is. R.R. Co., 297 AD2d 366, 367 [2002]). We also held that FELA does not permit an award of prejudgment interest (see Paniccia v Long Is. R.R. Co., supra at 368). The plaintiff stipulated to the reduction. Therefore, the Supreme Court entered an amended judgment in favor of the plaintiff and against the LIRR, inter alia, in the sum of $250,000, together with an amount equal to the net present value of $1,000,000, discounted at two percent per annum, calculated on the basis of a single lump-sum payment of $1,000,000 made 24 years after the date of entry of the initial judgment. The clerk of the Supreme Court added to the amended judgment an award of interest from the date of the verdict to the date of entry of the initial judgment.

The plaintiff appeals from the amended judgment and contends that the Supreme Court should have applied CPLR

article 50-B in calculating the reduction to present value of the $1,000,000 award for future pain and suffering. In the alternative, he contends that this $1,000,000 award should have been divided into 24 equal annual installments, each of which should have been discounted to its net present value at the rate of two percent per annum. The LIRR cross-appeals and contends that the amended judgment should not have included postverdict, prejudgment interest.

Contrary to the plaintiff's contention, to apply CPLR article 50-B to the award for future damages, or to recalculate the net present value of those damages in accordance with the plaintiff's proposed method, would affect a substantial right of the parties, as either method would increase the plaintiff's recovery (*see* CPLR 5019 [a]; *Matter of McKenna v County of Nassau, Off. of County Attorney,* 61 NY2d 739, 741-742 [1984]; *Pjetri v New York City Health & Hosps. Corp.,* 169 AD2d 100, 103 [1991]; *cf. Alisandrelli v Kenwood,* 724 F Supp 235 [1989]).

The determination of the appropriate method for calculating the net present value of an award for future damages in a FELA action is governed by federal law which empowers the factfinder to choose the appropriate method (*see Monessen Southwestern Ry. Co. v Morgan,* 486 US 330, 340-341 [1988]; *St. Louis Southwestern Ry. Co. v Dickerson,* 470 US 409, 411 [1985]). The parties stipulated that the trial court would serve as the factfinder with respect to this issue. The trial court properly declined to apply, as a matter of law, CPLR article 50-B to the plaintiff's award for future damages. Moreover, its factual determination to apply the LIRR's proposed method for discounting the award of future damages to net present value is entitled to substantial deference on appeal (*see Monessen Southwestern Ry. Co. v Morgan, supra* at 342). Indeed, the plaintiff proposed this method upon settlement of the initial judgment and may be considered to have waived his objections to its adoption.

However, the amended judgment erroneously included an award for postverdict, prejudgment interest, as FELA does not permit that award (*see Monessen Southwestern Ry. Co. v Morgan, supra* at 335-338; *see also Paniccia v Long Is. R.R. Co., supra* at 368; *Eschberger v Consolidated Rail Corp.,* 181 AD2d 1073 [1992]). Thus, we remit the matter to the Supreme Court, Kings County, for entry of an appropriate second amended judgment containing a provision awarding interest on the principal sum of $871,721.49, computed at the rate of four percent per annum from the date of entry of the initial judgment.

The plaintiff's remaining contentions either are not properly before this Court or without merit. Ritter, J.P., Goldstein, Crane and Spolzino, JJ., concur.