■ YVONNE HYATT, Respondent, v METRO-NORTH COMMUTER RAILROAD, Appellant. [792 NYS2d 391]—

Judgment, Supreme Court, New York County (Norman C. Ryp, J.), entered November 21, 2003, which, pursuant to jury verdict, awarded plaintiff the principal sum of $750,930.32, plus $50,775.23 in prejudgment interest, unanimously modified, on the law, the principal award reduced by $180,000, the award of prejudgment interest deleted, and otherwise affirmed, without costs. The Clerk is directed to enter an amended judgment accordingly.

In an action under the Federal Employers' Liability Act ([FELA] 45 USC § 51 *et seq.*), the plaintiff must prove the traditional common-law elements of negligence: duty, breach, damages, causation and foreseeability. However, these elements are substantially relaxed under FELA (*see Syverson v Consoli-*

*dated Rail Corp.*, 19 F3d 824, 826 [2d Cir 1994]), and negligence is liberally construed to effectuate the statute's broadly remedial intended function (*see Goldwater v Metro-North Commuter R.R.*, 101 F3d 296, 298 [2d Cir 1996]). The test to determine if there is an issue of fact for the jury is whether "employer negligence played any part, even the slightest, in producing the injury . . . for which damages are sought" (*Rogers v Missouri Pac. R.R. Co.*, 352 US 500, 506 [1957]).

Plaintiff, an assistant conductor, was injured while attempting to assist a passenger who was slipping on the wet floor of the railway car. It was a rainy day, and plaintiff testified that water was steadily leaking in the area of the fall from a speaker in the ceiling. The train's conductor also identified the speaker as a potential source of the water on the floor. The jury could credit this testimony and find that the leaking speaker caused or exacerbated the wetness in that area, and played a role in causing plaintiff's injury, satisfying FELA.

While plaintiff still must show that defendant had either actual or constructive notice of the defective condition (*see Pidgeon v Metro-North Commuter R.R.*, 248 AD2d 318, 319 [1998]; *Gallose v Long Is. R.R. Co.*, 878 F2d 80, 85 [2d Cir 1989]), notice generally presents an issue of fact. As with all factual issues under FELA, the right of the jury to pass on this issue must be liberally construed, with the jury's power to draw inferences greater than in a common-law action (*see Williams v Long Is. R.R. Co.*, 196 F3d 402, 407 [2d Cir 1999]). Given this standard, the jury could find constructive notice based on the rust found on the speaker, from which it may be inferred that the leak was of sufficient duration for defendant to have reasonably discovered it (*see Andersen v Park Ctr. Assoc.*, 250 AD2d 473 [1998]). Although defendant is correct that the reports and testimony relating to prior accidents should not have been admitted for failure to show that the relevant conditions of this accident and the previous ones were substantially the same (*Hyde v County of Rensselaer*, 51 NY2d 927, 929 [1980]; *Cramer v Kuhns*, 213 AD2d 131, 137 [1995], *lv dismissed* 87 NY2d 860 [1995]), the error was harmless in that the jury could find constructive notice based on the rust on the speaker.

The award of $180,000 for future medical expenses is set aside as unproven with reasonably certainty (*see Pouso v City of New York*, 10 AD3d 297 [2004]). There is no indication that plaintiff was seeing a physical therapist for more than a year before trial, and his treating physician's testimony that he "imagined" plaintiff would need to see one regularly in the future is speculative (*see Guerrero v Djuko Realty*, 300 AD2d

542 [2002], *lv denied* 100 NY2d 501 [2003]; *Jansen v Raimondo & Son Constr. Corp.*, 293 AD2d 574 [2002]; *Liebman v Otis El. Co.*, 145 AD2d 546 [1988]). Finally, plaintiff is not entitled to prejudgment interest in this FELA action (*see Paniccia v Long Is. R.R. Co.*, 297 AD2d 366, 368 [2002]).

Defendant's remaining arguments are unavailing. Concur—Tom, J.P., Marlow, Sullivan, Nardelli and Williams, JJ.