■ DIANA MASTRODDI, Respondent, v WDG DUTCHESS ASSOCIATES LIMITED PARTNERSHIP et al. Defendants, and NORTH ATLANTIC INDUSTRIAL MAINTENANCE, INC., Appellant. [861 NYS2d 11]—

Order, Supreme Court, New York County (Marcy Friedman, J.), entered August 16, 2007, which denied the motion of defendant North Atlantic Industrial Maintenance, Inc. for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

North Atlantic, a snow removal contractor, contends that it owed plaintiff no duty of care because none of the three situations in which a contractual obligation may give rise to tort liability to third persons obtains here (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). However, North

Atlantic failed to eliminate all triable issues of fact with respect to any of these situations. It failed to produce the snow removal contract with the premises owner in support of the argument that its contractual obligation did not displace the owner's duty to safely maintain the premises (*see id.* at 140-141; *Schozer v William Penn Life Ins. Co. of N.Y.,* 84 NY2d 639, 643-644 [1994]; *Colbourn v ISS Intl. Serv. Sys.,* 304 AD2d 369 [2003]), and it failed to establish that plaintiff did not detrimentally rely on the continued performance of its snow removal duties (*see Espinal* at 140). In addition, given defendant's silence with respect to the actual snow removal operations and the condition of the parking lot on the relevant date, defendant failed to meet its burden of whether it created or exacerbated a hazard (*see Prenderville v International Serv. Sys., Inc.,* 10 AD3d 334 [2004]).

Accordingly, since North Atlantic failed to meet its burden on the motion for summary judgment, such motion was properly denied by the Supreme Court regardless of the sufficiency of plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Raynor-Brown v Garden City Plaza Assoc.,* 305 AD2d 572, 573-574 [2d Dept 2003]). Concur—Lippman, P.J., Andrias, Sweeny and Renwick, JJ.