Sconiers and Green, JJ. (dissenting).
We respectfully dissent and would affirm the order in each appeal denying the motion of defendant CSX Transportation, Inc. (CSX) for summary judgment dismissing the complaint and cross claim against it. As noted by the majority, Frederick Bready and Brandon Harris (plaintiffs) commenced these actions against, inter alia, CSX to recover for injuries sustained in a motor vehicle accident. Plaintiffs were passengers in a vehicle operated by former defendant Elaine C. Bailey, which was rear-ended as the result of a chain reaction accident while Bailey was stopped first in line at a traffic light. The evidence indicates that the chain reaction accident began at or shortly after the moment when the light turned green for the vehicle operated by Bailey (hereafter, CSX vehicle). Plaintiffs and Bailey were employed by CSX and were in the course of their employment when the accident occurred. Plaintiffs sued CSX pursuant to the Federal Employers’ Liability Act ([FELA] 45 USC § 51 et seq.), which imposes duties above and beyond those established by the common law and provides a standard of proof for negligence and proximate cause that is significantly lower than the standard imposed by the common law. If this was merely a New York automobile negligence case, there is no doubt that the complaint against CSX would have to be dismissed in each appeal. However, while New York’s automobile negligence law is certainly relevant to the claims against CSX, it does not wholly define the scope of CSX’s potential liability to its employees under FELA for the injuries sustained in the accident at issue.
FELA is a broad remedial statute and efforts to limit its scope by the negligence standards established by a state’s tort law relating to automobiles “would be contradictory to the wording, the remedial and humanitarian purpose, and the constant and established course of liberal construction of [FELA] followed by [the United States Supreme] Court” (Urie v Thompson, 337 US 163, 181-182 [1949]). This Court has recognized that “[t]here is a ‘more lenient standard for determining negligence and causation’ in a FELA action” (Pilarski v Consolidated Rail Corp., 269 AD2d 821, 821 [2000], quoting Hines v Consolidated Rail Corp., 926 F2d 262, 267 [1991]). However, FELA is more than just a *1389 lenient version of state tort law. Recently, the United States Supreme Court reaffirmed its conclusions in Rogers v Missouri Pacific R. Co. (352 US 500 [1957]) that there is a “ ‘relaxed . . . proximate cause requirement’ in FELA cases” (CSX Transp., Inc. v McBride, 564 US —, —, 131 S Ct 2630, 2636 [2011]), and that “FELA’s language on causation ... ‘is as broad as could be framed’ ” (564 US at —, 131 S Ct at 2636, quoting Urie, 337 US at 181). In addition, it is undisputed that “[a] railroad has a duty to use reasonable care in furnishing its employees with a safe place to work” (Atchison, T. & S. F. R. Co. v Buell, 480 US 557, 558 [1987]), and that such duty extends beyond the boundaries of the railroad’s property (see Shenker v Baltimore & Ohio R. Co., 374 US 1, 7 [1963]).
CSX’s obligation to protect plaintiffs from injury extends beyond those duties imposed on the driver of a motor vehicle by both the common law and the Vehicle and Traffic Law. Thus, in the context of this case, we conclude that Bailey, as the driver of the CSX vehicle, was obligated to take evasive action, if possible, to avoid a rear-end collision while stopped at a traffic light, even though New York law imposes no such obligation on the operator of a motor vehicle. On this record, we conclude that there are issues of fact whether Bailey could have avoided the accident by moving forward when the light turned green or by taking other evasive action. Moreover, the record establishes that, well before the date of the accident, Bailey’s driver’s license had been revoked as a result of convictions for driving while intoxicated. We respectfully submit that the majority misperceives the import of that fact when asserting that Bailey’s lack of a driver’s license is irrelevant to her operation of the CSX vehicle. Indeed, that fact is highly relevant to the issue whether CSX breached its duty to provide plaintiffs with a safe place to work when the person CSX employed to transport its employees did so with a revoked driver’s license (see generally Vehicle and Traffic Law § 511). We thus conclude that triable issues of fact exist with respect to whether CSX breached its duty to provide plaintiffs with a safe place to work and, under FELA, with respect to whether CSX’s breach was a proximate cause of plaintiffs’ injuries (see generally McBride, 564 US at_-_, 131 S Ct at 2636-2639; Rogers, 352 US at 504-507).
A determination that this case presents triable issues of fact is certainly warranted given the extraordinary breadth and scope of FELA as demonstrated by the prevailing case law (see Gallick v Baltimore & Ohio R. Co., 372 US 108 [issue of fact existed where plaintiff suffered severe complications secondary to an insect bite that he sustained near a stagnant pool of water *1390 located in the defendant railroad’s right of way]; Swartout v Consolidated Rail Corp., 294 AD2d 785 [2002] [issue of fact existed whether the defendant railroad knew, or should have known, that Lyme disease was a potential hazard in the area where its employees were working]; Syverson v Consolidated Rail Corp., 19 F3d 824 [1994] [issue whether the defendant railroad was liable for a knife attack on an employee by a trespasser should be submitted to the jury where the defendant had knowledge that the area in question attracted vagrants]; Gallose v Long Is. R.R. Co., 878 F2d 80 [1989] [the plaintiff railroad employee was entitled to have jury determine whether the owner of the dog that bit him was within the scope of her employment with the railroad when she brought the dog to work]).
Simply stated, “[b]ecause of the ‘myriad of factors’ involved, whether [a] railroad used reasonable care in furnishing its employees a safe place to work is normally a question for the jury” 0Gallóse, 878 F2d at 85). The right of the jury to pass on “all factual issues under . . . FELA . . . must be liberally construed . . .[, and o]nly in instances where reasonable jurors could reach only one conclusion may the court take the determination from the jury and decide the question as a matter of law” (id.). Thus, pursuant to the principles established by decades of FELA jurisprudence, we conclude in each appeal that Supreme Court properly denied CSX’s motion for summary judgment. Present — Centra, J.P, Fahey, Lindley, Sconiers and Green, JJ.