■ YELENA RATNIKOVA, Appellant, v COSTAS ZIOTAS et al., Respondents, et al., Defendant. (And a Third-Party Action.) [22 NYS3d 495]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Ash, J.), dated October 25, 2013, as granted the motion of the defendants Costas Ziotas and Aspasia Ziotas for summary judgment dismissing the complaint insofar as asserted against them and denied, as academic, her cross motion for a trial preference based on age.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendants Costas Ziotas and Aspasia Ziotas for summary judgment dismissing the complaint insofar as asserted against them is denied, and the plaintiff's cross motion for a trial preference based on age is granted.

The plaintiff allegedly was injured when she tripped and fell while walking on the sidewalk in front of property owned by the defendants Costas Ziotas and Aspasia Ziotas (hereinafter together the defendants) in Brooklyn. Section 7-210 of the Administrative Code of the City of New York provides, in relevant part, that "[i]t shall be the duty of the owner of real property abutting any sidewalk . . . to maintain such sidewalk

in a reasonably safe condition," and that "the city shall not be liable for any injury . . . proximately caused by the failure to maintain sidewalks . . . in a reasonably safe condition" (Administrative Code of City of NY § 7-210 [a], [c]). The defendants contend that section 7-210 does not apply here because (1) the plaintiff fell on an expansion joint for a City bridge which, pursuant to New York City Charter § 2903 (b) (6), the City of New York Department of Transportation, and not the abutting property owner, is obligated to maintain and repair; and (2) the plaintiff fell in an area that was a transformer vault cover or within 12 inches of a transformer vault cover, for which the owner of the vault cover would be exclusively liable pursuant to the Rules of the City of New York Department of Transportation (34 RCNY) § 2-07 (b) (2).

The defendants failed to establish their prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The evidence submitted in support of the motion with regard to section 2903 (b) (6) of the New York City Charter failed to establish, prima facie, that the presence of an expansion joint caused the fall, or that the area where the plaintiff fell was part of a bridge. As to the Rules of the City of New York Department of Transportation (34 RCNY) § 2-07 (b) (2), none of the evidence submitted by the defendants established, prima facie, that the area in which the accident occurred was a transformer vault cover or within 12 inches of a transformer vault cover. Since the defendants failed to meet their prima facie burden, the Supreme Court should have denied their motion, regardless of the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

In view of the undisputed evidence that the plaintiff has reached the age of 70, the plaintiff's cross motion for a trial preference based on age, which was denied as academic in the order appealed from, should be granted (*see* CPLR 3403 [a] [4]; *Anderson v Park Ctr. Assoc.*, 250 AD2d 473, 475 [1998]).

The defendants' remaining contentions are not properly before this Court. Rivera, J.P., Leventhal, Miller and Duffy, JJ., concur.