Barrett v Aero Snow Removal Corp. (2018 NY Slip Op 08753)





Barrett v Aero Snow Removal Corp.


2018 NY Slip Op 08753


Decided on December 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2018

Richter, J.P., Manzanet-Daniels, Tom, Gesmer, Kern, JJ.


7914 24799/13E

[*1]Elizabeth A. Barrett, et al., Plaintiffs-Appellants,
v
Aero Snow Removal Corp., et al., Defendants-Respondents.


Gruenberg Kelly Della, Ronkonkoma (Zachary M. Beriloff of counsel), for appellants.
McBreen & Kopko, Jericho (Richard A. Auerbach of counsel), for Aero Snow Removal Corp., respondent.
Law Office of Lori D. Fishman, Tarrytown (Silvia C. Souto of counsel), for Cristi Cleaning Services, respondent.
Port Authority Law Department, New York (David K. Kromm of counsel), for Port Authority of New York and New Jersey, respondent.
Jeffrey Samel & Partners, New York (Richard A. Soberman of counsel), for ABM Building Solutions, LLC ABM Parking Services, Inc., and AMPCO System Parking, respondents.



Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about May 15, 2017, which, to the extent appealed from as limited by the briefs, granted defendant Port Authority of New York and New Jersey's (PA) motion for summary judgment dismissing all claims as against it and, upon a search of the record, granted summary judgment dismissing all claims against defendants Aero Snow Removal Corp. (Aero) and Cristi Cleaning Services (Cristi), unanimously modified, on the law, to deny summary judgment as to PA and Cristi, and otherwise affirmed, without costs.
Plaintiff Elizabeth A. Barrett allegedly sustained personal injuries when she slipped on an icy patch in the employee parking lot at LaGuardia Airport. Defendant PA effectively owns and operates LaGuardia. PA contracted with defendants Cristi and Aero to remove snow from portions of the subject parking lot.
PA's motion for summary judgment should have been denied, since PA failed to meet its prima facie burden of demonstrating that it did not have constructive notice of the alleged icy condition (see Smith v Costco Wholesale Corp., 50 AD3d 499, 500 [1st Dept 2008]; see also Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
To demonstrate lack of constructive notice, a defendant must "produc[e] evidence of its maintenance activities on the day of the accident, and specifically that the dangerous condition did not exist when the area was last inspected or cleaned" (Ross v Betty G. Reader Revocable Trust, 86 AD3d 419, 421 [1st Dept 2011]; see also Savio v St. Raymond Cemetery, 160 AD3d 602, 603 [1st Dept 2018]). PA failed to produce such evidence. PA's representative testified that PA's logs for the day of and day prior to the accident did not identify any icy conditions in the parking lot. However, he also admitted that it would not necessarily be documented in these logs (or elsewhere) if a PA employee noticed an icy condition. Moreover, he testified that checking for icy conditions was not the focus of PA's inspections.
Plaintiff's own failure to notice the icy condition before her accident is not conclusive, as she testified that she did not see the icy condition because she did not look down, not because it was not visible (see Covington v New York City Hous. Auth., 135 AD3d 665, 666 [1st Dept 2016]).
The motion court also should have denied Cristi's motion for summary judgment dismissing all claims against it. "[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138 [2002]). However, there are exceptions to this rule, including where "the contracting party, in failing to exercise reasonable care in the performance of [its] duties, launches a force or instrument of harm'" by "creat[ing] or exacerbat[ing]" a dangerous condition (id. at 140, 142-143). It is undisputed that Cristi performed snow removal and salting in the area of the accident and that it had a continuing obligation to inspect and maintain the area even after snow removal was complete, but it offered no evidence regarding the actual state of the area at issue prior to the accident. Its "silence with respect to the actual snow removal operations at issue" renders Cristi's prima facie showing "patently insufficient" (Prenderville v International Serv. Sys., Inc., 10 AD3d 334, 338 [1st Dept 2004]; accord Mastroddi v WDG Dutchess Assoc. Ltd. Partnership, 52 AD3d 341, 342 [1st Dept 2008]).
The motion court properly granted Aero's motion for summary judgment dismissing all claims against it. Aero met its prima facie burden of establishing that it did not create or exacerbate the alleged icy condition, by presenting proof that it was only required to perform snow removal once "activated" by PA, that it did not retain any duty to inspect or remove snow once "released" by PA, and that it was released by PA 11 days before the subject accident and was not "reactivated" within that time.
In opposition, plaintiffs failed to create an issue of fact. Apart from sheer speculation, plaintiffs offered no climatological or other evidence in support of their theory that the icy condition resulted from Aero's failure to plow 11 days earlier or from the melting and refreezing of a pile of snow Aero left in the area. Such speculation is not sufficient to withstand summary judgment (see Lenti v Initial Cleaning Servs., Inc., 52 AD3d 288, 289 [1st Dept 2008]; Nadel v Cucinella, 299 AD2d 250, 252 [1st Dept 2002]).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 20, 2018
CLERK