Stephney v MTA Metro-N. R.R. (2019 NY Slip Op 05004)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Stephney v MTA Metro-N. R.R.

2019 NY Slip Op 05004

Decided on June 20, 2019

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2019
Friedman, J.P., Richter, Kahn, Singh, JJ.


9675 102676/10

[*1]Cheryl Stephney, Plaintiff-Respondent,
vMTA Metro-North Railroad, Defendant-Appellant.

Krez & Flores, LLP, New York (William J. Blumenschein of counsel), for appellant.
The Wilder Law Firm, P.C., New York (Nick Wilder of counsel), for respondent.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered September 19, 2018, which denied defendant MTA Metro-North Railroad's motion for summary judgment dismissing plaintiff's sole claim under the Federal Employee Liability Act, unanimously affirmed, without costs.
On the evening of March 13, 2007, plaintiff Cheryl Stephney was working as an assistant conductor on Metro-North's New Haven Line, when she was physically attacked by a passenger while seeking to collect her fare.
The Federal Employers' Liability Act (FELA) (45 USC § 51 et seq.) provides that operators of interstate railroads shall be liable to their employees for on-the-job injuries resulting from the railroad's negligence. In an action under FELA, "the plaintiff must prove the traditional common-law elements of negligence: duty, breach, damages, causation and foreseeability" (Hyatt v Metro-North Commuter R.R., 16 AD3d 218, 218 [1st Dept 2005]). However, these elements are "substantially relaxed" and "negligence is liberally construed to effectuate the statute's broadly remedial intended function" (id. at 218-219; see also Foster v Port Auth. of N.Y. & N.J., 154 AD3d 543, 544 [1st Dept 2017]). A claim under FELA "must be determined by the jury if there is any question as to whether employer negligence played a part, however small, in producing plaintiff's injury" (Hairston v Metro-North Commuter R.R., 2 AD3d 127, 128 [1st Dept 2003]). "A case is deemed unworthy of submission to a jury only if evidence of negligence is so thin that on a judicial appraisal, the only conclusion that could be drawn is that negligence by the employer could have played no part in an employee's injury" (Pidgeon v Metro-North Commuter R.R., 248 AD2d 318, 319 [1st Dept 1998]).
To establish the element of foreseeability, a plaintiff must show that the defendant had either actual or constructive notice of the defective condition (id.). However, notice generally presents an issue of fact for the jury (Hyatt, 16 AD3d at 219). "As with all issues under FELA, the right of the jury to pass on this issue must be liberally construed, with the jury's power to draw inferences greater than in a common-law action" (id.).
Under the foregoing relaxed standard, there is sufficient evidence to raise an issue of fact concerning defendant's actual or constructive notice of a risk of assault to conductors on the New Haven Line. Plaintiff testified that she was previously assaulted by a passenger, and that there was an ongoing problem of physical intimidation by large groups of adolescents refusing to pay their fares, which caused her to fear for her safety. Plaintiff also testified that she has called the MTA's rail traffic controllers for police assistance at least 250 times to deal with abusive passengers; another conductor was punched in the face and knocked out on the New Haven Line; a passenger attempted to stab and rob another conductor on the Harlem Line. Based on plaintiff's testimony, summary judgment dismissing the complaint was properly denied (see [*2]Hairston, 2 AD3d at 128; Ingrassia v Metro-North Commuter R.R., 235 AD2d 350 [1st Dept 1997]; cf. Okeke v Long Is. R.R. Co., 2004 WL 2088513, *1 [SD NY Sept. 20, 2004]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 20, 2019
CLERK