**Richard A. NEWMAN, Plaintiff-Appellant,**

v.

**GRAND TRUNK WESTERN RAILROAD COMPANY, Defendant-Appellee.**

**No. 84–1535.**

United States Court of Appeals, Sixth Circuit.

Decided Nov. 6, 1985.

James A. Brescoll, Nicholas Manikas (argued), Mount Clemens, Mich., for plaintiff-appellant.

Robert I. Schellig, Jr. (argued), Detroit, Mich., for defendant-appellee.

Tyree B. Harris, Nashville, Tenn., for amicus curiae Ass'n of American Railroads.

Carson C. Grunewald, Detroit, Mich., for amicus curiae Nat. Ass'n of R.R. Trial Counsel, et al.

Before ENGEL and KRUPANSKY, Circuit Judges and PECK, Senior Circuit Judge.

PER CURIAM.

Richard A. Newman appeals from the judgment entered in his favor in the Eastern District of Michigan on his action

against the railroad under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.* (FELA). Newman's appeal is limited to his disagreement with post-judgment orders entered by the district court denying his motions for prejudgment interest and for certain costs.

After Mr. Newman was injured on the job at Grand Trunk Western Railroad, he commenced suit for personal injuries under FELA in the United States District Court for the Eastern District of Michigan. On December 31, 1982, Judge Patricia Boyle entered an order of dismissal, noting that Grand Trunk had offered Mr. Newman a "restricted job" and that both parties agreed to a trial period after which time Mr. Newman could "reopen said cause with it being assigned to Judge Boyle and placed on an expedited trial docket." On June 3, 1983, the case was reinstated on the docket. The trial commenced on March 14, 1984 and on March 26 the jury returned a verdict in favor of Mr. Newman, and awarded damages of $106,362.90. Judgment was entered on the same day.

Subsequently Mr. Newman filed motions for an award of prejudgment interest and to reinstate taxable costs. The costs which were previously disallowed by the Clerk of the Court were incurred for aerial photographs of Grand Trunk's railroad yard, expenses for medical drawings, and expenses for videotaped depositions of two doctors who treated Mr. Newman. By two separate orders issued July 12, 1984, the district court denied both motions.

On appeal, Mr. Newman argues that the district court erred in ruling that prejudgment interest is not available in personal injury claims under FELA. While recognizing that "older cases" bar the recovery of prejudgment interest in FELA cases, Mr. Newman argues that "many courts, realizing the inequity involved in denying prejudgment interest, have reached out to find opportunities to chip away at the edges of the outdated precedent and have made inroads against it by awarding prejudgment interest based upon exception, glosses, and language in old cases which

states that prejudgment interest might be necessary to fully compensate injured railroad workers." Accordingly, he urges this court to find, at least in the context of the present case, that prejudgment interest is available for a personal injury action under FELA.

Appellee Grand Trunk Railroad disputes that the cases reflect any departure from precedent. In addition, the Association of American Railroads, the National Association of Railroad Trial Counsel, and nine railroad companies operating in states within the Sixth United States Judicial Circuit have appeared as amicus curiae. They also argue that there has been no change in the case law under FELA which would warrant a conclusion by this court that prejudgment interest is recoverable under the circumstances of this case.

■ Appellant has failed to cite and the court has failed to find any authority to support his assertion that the refusal by the trial court to award prejudgment interest was either erroneous or constituted an abuse of discretion. Accordingly, this court is of the opinion that the district court did not err here in declining to award prejudgment interest, especially since the damages awarded by the jury were general, no more specific damage instructions were requested, and it cannot be concluded that the jury did not calculate its award as of the date the verdict was returned. The district court's ruling was in accord with *Kozar v. Chesapeake & Ohio RR. Co.*, 449 F.2d 1238 (6th Cir.1971).

■ The court further finds that the district court did not abuse its discretion in declining to include as part of recoverable costs the plaintiff's additional expenses incurred in videotaping the deposition in question or costs of aerial photographs of the railroad yard, evidence which the district judge concluded was of limited probative value to the jury in view of the other evidence in the case. *See, e.g. Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964).

Accordingly, the judgment of the district court is AFFIRMED.