Kenneth N. MELIN, Respondent,

v.

BURLINGTON NORTHERN
RAILROAD COMPANY,
Appellant.

No. C5-86-1691.

Court of Appeals of Minnesota.

March 3, 1987.

Michael L. Weiner, Minneapolis, for respondent.

Ward D. Werner, St. Paul, for appellant.

Heard, considered and decided by SEDGWICK, P.J., and LANSING and CRIPPEN, JJ.

## OPINION

LANSING, Judge.

Burlington Northern appeals the trial court's refusal to instruct the jury to reduce its award for pain and suffering to present value. Kenneth Melin filed a notice of review on the issue of prejudgment interest. We affirm.

## FACTS

On November 16, 1983, Kenneth Melin suffered permanently disabling injuries while working as a carman for Burlington Northern. Melin sued Burlington under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51–60 (1976). The case was scheduled for trial on August 4, 1986. On the day before trial, Burlington admitted liability for the accident and a jury heard testimony on the issue of damages only.

Burlington requested the court to instruct the jury to discount any award for future pain and suffering to present value. The trial court refused to give the instruction. The jury returned a general verdict for $500,000. Although the jury was not asked to itemize the award, both parties agree that a substantial portion is attributable to future pain and suffering.

Burlington moved for a new trial on the grounds the court erred in refusing to give the requested instruction. Melin also moved the court for an award of prejudgment interest. Both motions were denied and both issues are raised on appeal.

## ISSUES

1. Should an FELA damage award for future pain and suffering be discounted to present value?

2. Is prejudgment interest applicable to claims under the FELA?

## ANALYSIS

### I

■ The propriety of jury instructions on the measure of damages in an action under the FELA is a substantive issue determined by federal law. *St. Louis Southwestern Railway Co. v. Dickerson,* 470 U.S. 409, 410, 105 S.Ct. 1347, 1348, 84 L.Ed.2d 303 (1985).

The Supreme Court has held that compensatory damage awards for loss of future earnings under FELA must be discounted to present value, *Jones & Laughlin Steel Corp. v. Pfeifer,* 462 U.S. 523, 536, 103 S.Ct. 2541, 2550, 76 L.Ed.2d 768 (1983) (citing *Chesapeake & Ohio Railway Co. v. Kelly,* 241 U.S. 485, 36 S.Ct. 630, 60 L.Ed. 1117 (1916)). Although the Supreme Court has not ruled on whether damages for pain and suffering must be discounted, the Eighth Circuit's holding on that issue is clear.

■ In *Flanigan v. Burlington Northern, Inc.,* 632 F.2d 880 (8th Cir.1980), *cert. denied,* 450 U.S. 921, 101 S.Ct. 1370, 67 L.Ed.2d 349 (1981), the Eighth Circuit refused to discount an award for future pain and suffering to its present value. Quoting extensively from its prior decision in *Chicago & North Western Railway v. Candler,* 283 Fed. 881 (8th Cir.1922), the *Flanigan* court reasoned that pain and suffering cannot be calculated to the same arithmetic certainty as loss of future earning capacity:

> The same amount of pain and suffering does not occur from year to year nor can the degree of pain and suffering that will occur in any year be quantified with any certainty. Requiring the reduction of an award for pain and suffering to its present value would improperly allow a jury to infer that pain and suffering can be reduced to a precise arithmetic calculation.

*Flanigan,* 632 F.2d at 886.

*Flanigan* controls this case and is followed by at least two other circuits. *See Taylor v. Denver & Rio Grande Western Railroad Co.,* 438 F.2d 351, 352–53 (10th Cir.1971); *Texas & Pacific Railway Co. v. Buckles,* 232 F.2d 257, 264 (5th Cir.1956).[1]

---

**1.** Only one circuit court discount awards for future pain and suffering to present value. *De-*

## II

■ FELA contains no provision for prejudgment interest. The application of prejudgment interest under FELA is governed by federal law, *South Buffalo Railway Co. v. Ahern,* 344 U.S. 367, 371–72, 73 S.Ct. 340, 342, 97 L.Ed. 395 (1953).

■ The Eighth Circuit has not ruled on this issue, but of the circuit courts which have considered the congressional intent behind FELA, all have concluded Congress did not intend to provide prejudgment interest. *See, e.g., Wilson v. Burlington Northern Railroad Co.,* 803 F.2d 563 (10th Cir.1986); *Lindsey v. Louisville & Nashville Railroad Co.,* 775 F.2d 1322 (5th Cir. 1985); *Newman v. Grand Trunk Western Railroad Co.,* 781 F.2d 55 (6th Cir.1985); *Powers v. New York Central Railroad Co.,* 251 F.2d 813 (2nd Cir.1958); *Chicago, Milwaukee, St. Paul and Pacific Railway Co. v. Busby,* 41 F.2d 617 (9th Cir.1930). We affirm the trial court's refusal to award Melin prejudgment interest.

■ Melin maintains Burlington's appeal was taken primarily for delay, because the applicability of the *Flanigan* case is clear. We note that it took Melin almost three years to obtain a judgment, even though liability was ultimately conceded. Although Burlington claims this is a good-faith appeal brought reasonably to modify existing law, we are not persuaded that the way to change clearly applicable federal law is through an appeal in state court. Under Rule 138 of the Minnesota Rules of Civil Appellate Procedure, we assess delay damages of $1,000 against Burlington.

*Chico v. Metro-North Commuter Railroad,* 758 F.2d 856 (2nd Cir.1985). The *DeChico* court followed the reasoning in *Chiarello v. Domenico Bus Service, Inc.,* 542 F.2d 883 (2nd Cir.1976), and reversed a jury verdict which had not dis-

## DECISION

Affirmed.

counted an award for future pain and suffering. However, the *Flanigan* court questioned the holding in *Chiarello* and adopted *Candler* as the better reasoned rule.