In re Joseph E. SCRIMA, d/b/a Edisan Shoe Specialists, and Karen Scrima, Debtors.

Joseph E. SCRIMA, d/b/a Edisan Shoe Specialists, and Karen Scrima, Plaintiffs,

v.

INSURANCE COMPANY OF NORTH AMERICA, Defendant and Cross–Plaintiff,

and

Transamerica Insurance Company, Defendant and Cross–Defendant.

Bankruptcy No. HK 85–01604.
Adv. No. 86–0198.

United States Bankruptcy Court, W.D. Michigan.

Sept. 21, 1990.

Dan C. Porter, Grand Rapids, Mich., for Insurance Co. of North America.

Jonathan S. Damon, Grand Rapids, Mich., for Transamerica Ins. Co.

## SUPPLEMENT TO REPORT AND RECOMMENDATION OF JULY 31, 1990

LAURENCE E. HOWARD, Bankruptcy Judge.

### INTRODUCTION

The facts in this case have been set forth at length in previous opinions, and most recently in a written opinion issued on July 31, 1990. 116 B.R. 951. As they are quite extensive, and for the most part are not essential to the present matter, I will refer only to those facts necessary to decide the pending motion. My findings and conclusions on the pending motion, along with the original report and recommendation, will be forwarded to the United States District Court for disposition.

This proceeding came to trial on April 24, 1990, on remand from the United States District Court. On July 31, 1990, I issued a joint Opinion and Report and Recommendation. I held that Transamerica's invalid cancellation of the Debtor's insurance policy waived the 60 day proof of loss requirement that was contained within the policy. Consequently, I ruled that Transamerica was estopped from asserting that proof of loss requirement as a bar to the Debtor's claims and the claim of INA, who had cross-claimed for contribution as a co-insurer. The Debtor was awarded damages under the terms of the policy, plus interest pursuant to Mich.Comp.Laws § 500.2006(4), and damages for lost profits. INA, who had previously settled with the Debtor, was awarded damages on its theory of contribution. At that time, I reserved INA's right to bring a motion for interest on its award, and such a motion was filed. Oral arguments were heard on September 10, 1990, and the matter was taken under advisement.

### INA'S MOTION FOR INTEREST

INA seeks interest based on two Michigan statutes, Mich.Comp.Laws §§ 600.6013 and 500.2006. INA seeks statutory inter-

est under the former and penalty interest under the latter.

Transamerica argues that any award of statutory interest by this Court is discretionary, and that it should be denied. In support of that argument, Transamerica cites two cases, *Newman v. Grand Trunk Western Railroad Co.*, 781 F.2d 55 (6th Cir.1985) and *In re Bridge*, 106 B.R. 474 (Bankr.E.D.Mich.1989). While the *Newman* case clearly stands for the proposition that an award of prejudgment interest on a claim brought pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* (FELA) is discretionary, the Sixth Circuit's decision in that case did not involve statutory interest governed by M.C.L. § 600.6013. Therefore, the case is not applicable. Likewise, *In re Bridge* is inapplicable because it dealt with an award of prejudgment interest on a turnover of property pursuant to 11 U.S.C. § 542. Both cases are decidedly different than the present case, where I am faced with a state cause of action based on Michigan insurance law.

As I have stated in previous decisions regarding this case, Michigan substantive law governs pursuant to *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Additionally, the Sixth Circuit has issued several decisions regarding the effect of state judgment interest statutes in federal courts. In *American Anodco, Inc. v. Reynolds Metal Co.*, 743 F.2d 417, 425 (6th Cir.1984), the Court stated: "In diversity cases, federal courts follow state law on the question of prejudgment interest." In *Diggs v. Pepsi–Cola Metropolitan Bottling Co.*, 861 F.2d 914, 924 (6th Cir.1988), the Court reiterated its holding in *American Anodco* and stated: "As an initial matter, we observe that the determination of prejudgment interest ... [is] a matter of substantive state law." For the purposes of the present motion, the Court's pronouncements lose no weight by their reference to diversity jurisdiction. INA's claim against Transamerica is not based on federal law, but rather, is based on state insurance law.

■ The plain language of M.C.L. § 600.6013 demonstrates that interest is mandatory. In subsection (1), the statute states in part: "Interest *shall* be allowed on a money judgment recovered in a civil action...." (emphasis added). The rate of interest is determined according to the date of the filing of the action, and runs from the commencement of the suit through satisfaction of judgment. Pursuant to the *Erie* doctrine and the Sixth Circuit's decisions in *American Anodco* and *Diggs*, INA is entitled to interest pursuant to M.C.L. § 600.6013. Having decided this, two issues remain before interest can be calculated under the statute.

■ First, M.C.L. § 600.6013 provides for interest through the date of satisfaction of the judgment, and thus conflicts with 28 U.S.C. § 1961, which awards a federal rate of interest from entry of judgment through satisfaction. In the *Diggs* case, the Sixth Circuit addressed this conflict and stated:

Diversity cases tried in federal court present an additional problem because the calculation of postjudgment interest is a question of federal law. While Michigan law directs that we measure all damages, both before and after the date of judgment, without regard to that date, and from the date of commencement of suit, federal law requires that we calculate prejudgment and postjudgment interest separately.

*Diggs* at 927–28. This situation is further complicated by the fact that INA has refused to consent to the entry of a final order by this Court. Thus, interest under both M.C.L. § 600.6013 and § 1961 cannot be awarded until the District Court adopts my Report and Recommendation and enters a judgment for INA. However, it is clear that INA can implement M.C.L. § 600.6013 up until the date of entry of judgment by the District Court, and then must implement § 1961 for the accrual of interest from that date through satisfaction of the judgment.

The second issue surrounding INA's implementation of M.C.L. § 600.6013 is a determination of which subsection is applicable, as the statute decrees different rates

of interest depending upon when the suit was commenced. Although INA filed its cross-complaint against Transamerica on October 23, 1987, it argues that by virtue of its status as the Debtor's subrogee under the terms of the settlement, its statutory prejudgment interest should run from the date that the Debtor originally filed his complaint.

The purpose of M.C.L. § 600.6013 is to compensate the prevailing party for the loss of the use of its funds. *McCahill v. Commercial Union Insurance Co.*, 179 Mich.App. 761, 777, 446 N.W.2d 579 (1989). Until INA settled its dispute with the Debtor, it had not expended funds, and therefore was not in a position to have a loss or delay in the use of its funds. Additionally, in the case of *Goodwin v. Coe Pontiac*, 62 Mich.App. 405, 414, 233 N.W.2d 598 (1975), the Court of Appeals had before it a similar issue, in which interest on a counter-complaint was being challenged. The Court applied the language of M.C.L. § 600.6013 and stated:

> We are not at liberty to determine, nor logically could we find, that a different standard than that found in the statute is to be applied to a counter-complaint. Thus, interest after damages are awarded should run from the date of the filing of the counter-complaint.

While INA may be a subrogee of the Debtor, the bottom line is that INA expended no money until its settlement with the Debtor in October of 1987. Therefore, the date that prejudgment interest begins to accrue on INA's damages is October 23, 1987, the date of the filing of the cross-claim. As such, subsection (6) of M.C.L. § 600.6013 is applicable. It states:

> Except as otherwise provided in subsection (5), for complaints filed on or after January 1, 1987, interest on a money judgment recovered in a civil action shall be calculated at 6–month intervals from the date of filing the complaint at a rate of interest which is equal to 1% plus the average interest rate paid at auctions of 5–year United States treasury notes during the 6 months immediately preceding July 1 and January 1, as certified by the state treasurer, and compounded annually, pursuant to this section.

Since no final judgment has been entered as of yet, no computations are possible.

▰ In addition to seeking statutory interest, INA also seeks penalty interest pursuant to M.C.L. § 500.2006(4). The language of that subsection states:

> When benefits are not paid on a timely basis the benefits paid shall bear simple interest from a date 60 days after satisfactory proof of loss was received by the insurer at the rate of 12% per annum, if the claimant is the insured or an individual or entity directly entitled to benefits under the insured's contract of insurance. Where the claimant is a third party tort claimant, then the benefits paid shall bear interest from a date 60 days after satisfactory proof of loss was received by the insurer at the rate of 12% per annum if the liability of the insurer for the claim is not reasonably in dispute and the insurer has refused payment in bad faith, such bad faith having been determined by a court of law. The interest shall be paid in addition to and at the time of payment of the loss. If the loss exceeds the limits of insurance coverage available, interest shall be payable based upon the limits of insurance coverage rather than the amount of the loss. If payment is offered by the insurer but is rejected by the claimant, and the claimant does not subsequently recover an amount in excess of the amount offered, interest shall not be due. Interest paid pursuant to this section shall be offset by any award of interest that is payable by the insurer pursuant to the award.

In asserting that this subsection is applicable, INA claims that this Court has made a judicial finding of bad faith against Transamerica, and that INA, as a subrogee, is directly entitled to benefits under the Debtor's policy. This assertion is faulty on several grounds. First, I did not find that Transamerica acted in bad faith, and in fact, I expressly stated at page 25 of my slip opinion that "there has been no finding of bad faith as to Transamerica's conduct in regard to Scrima...." Second, and

more important, the language of M.C.L. § 500.2006(4) does not require a finding of bad faith unless the claim is that of a third party tort claimant. In any regard, INA has presented no persuasive argument that it fits within the language of the subsection which requires that INA be "the insured or an individual or entity *directly* entitled to benefits under the insured's contract of insurance." (emphasis added). Such language implies some entity akin to a named beneficiary, not a co-insurer who sought contribution. INA was not *directly* entitled to benefits under the Debtor's Transamerica policy, but rather, upon settlement of its dispute with the Debtor, INA became entitled under Michigan law to contribution from Transamerica.

## CONCLUSION

INA is entitled to statutory interest pursuant to Mich.Comp.Laws § 600.6013(6), from October 23, 1987 through entry of judgment by the District Court. Further, INA is entitled to postjudgment interest pursuant to 28 U.S.C. § 1961, from entry of judgment by the District Court through satisfaction of the judgment by Transamerica. Since INA did not consent to the entry of a final order by this Court, no computations are possible until the District Court disposes of the matter. Finally, INA is not entitled to penalty interest under Mich.Comp.Laws § 500.2006(4) as it is not within the scope of the statute.