In re Gary BRACE and Jean
Brace, Debtors.

David PAYNE and Mary
Payne, Plaintiffs,

v.

Gary BRACE and Jean
Brace, Defendants.

Bankruptcy No. HG 89–03152.
Adv. No. 89–0389.

United States Bankruptcy Court,
W.D. Michigan.

Sept. 11, 1991.

Jonathan A. Moothart, Traverse City, Mich., for plaintiffs.

Nancy Gage, Grand Rapids, Mich., for defendants.

OPINION

LAURENCE E. HOWARD, Bankruptcy Judge.

A hearing was conducted on August 6, 1991 to determine the award of interest to

the Plaintiffs in their action against the Defendants pursuant to 11 U.S.C. 523(a). For the reasons stated herein, both pre and postjudgment interest are awarded to the Plaintiffs in the amount specified in my order dated August 19, 1991.

This case arose out of a sale of a home by the Defendants, Gary and Jean Brace, to the Plaintiffs, David and Mary Payne. The matter was originally brought by the Plaintiffs as a state court action filed in the Kent County Circuit Court on September 1, 1988. The Paynes sued the Braces after the basement walls of the home they purchased began to cave in causing damage to the basement and the rest of the house as well.

After the Braces filed their bankruptcy petition, the Plaintiffs brought this adversary proceeding pursuant to 11 U.S.C. § 523(a)(2) to determine whether the debt between them was dischargeable. The Plaintiffs claimed that during their purchase of the Defendants' home the Defendants knowingly and fraudulently made false representations to them about the quality, structural soundness, and defects present in the house. The Plaintiffs maintained that the Defendant's conduct rose to such a level of fraud and misrepresentation that the debt between them was nondischargeable.

I held for the Plaintiffs, finding that the debt was nondischargeable in accordance with § 523(a)(2) of the Bankruptcy Code. At that time, damages were determined to be $29,303.35. Now before the Court, is the consideration of the amount of interest to be allowed to the Plaintiffs for the period both pre and postjudgment.

Three questions need to be addressed in considering the issue of prejudgment interest. First, is whether the Plaintiffs are entitled to such interest. Then, if the first question is answered affirmatively, I must consider what law applies to the determination. Finally, once the correct law is found, the rate of prejudgment interest can be established.

■ As to the first question, the Court finds that the Plaintiffs are entitled to prejudgment interest. Prejudgment interest is appropriate as compensation to the Plaintiffs for the lost use of their money spent in repairing the concealed defects of the house. The award of prejudgment interest serves to place the Plaintiffs in the same position they would be in if no fraud or misrepresentation had occurred.

The Bankruptcy Court for the Eastern District of Michigan has commented that the award of prejudgment interest is appropriate, even if the claim is unliquidated, to place the aggrieved party in the same position as if the damage had not occurred. *Ford Motor Co. v. Transport Indemnity Co.*, 45 B.R. 843, 846 (E.D.Mich.1984).

Although not binding upon our determination, further support for the award of prejudgment interest exists in the fact that Michigan law mandates the award of prejudgment interest in civil cases in which a money judgment is rendered. M.S.A. § 27A.6013 [M.C.L.A. § 600.6013]. In commenting on the state, prejudgment interest rate, statute, the Michigan Appellate Court stated that:

> The purpose of an award of interest pursuant to MCL 600.6013; MSA 27A.6013 is to compensate the prevailing party for the expenses incurred in bringing an action and for the delay in receiving money damages.

*Saber v. Saber*, 146 Mich.App. 108, 110, 379 N.W.2d 478 (1985) (quoting *Wood v. DAI-IE*, 99 Mich.App. 701, 709, 299 N.W.2d 370 (1980), *rev'd* on other grounds, 413 Mich. 573, 321 N.W.2d 653 (1982)).

Here, by awarding prejudgment interest, the Plaintiffs will be fully compensated for the losses they incurred as a result of the Defendants' fraud and misrepresentation.

■ The appropriate starting point for the accrual of prejudgment interest, absent any other indication, is the filing of the state court action. 47 C.J.S. *Interest & Usury* § 48 (1955). Here, that date is September 1, 1988.

■ The accrual of prejudgment interest continues, unimpeded by the filing of the petition in bankruptcy, until the entry of judgment. Having determined that the

debt is nondischargeable, the Plaintiffs are free to collect on the principal of the claim and on any prejudgment interest allowed to them under applicable law. The fact that the Defendants are in bankruptcy does not affect the ability to recover interest once a finding under § 523(a) has been made.

Support for this conclusion is given by the Supreme Court's decision in *Bruning v. United States*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964). In that case, the Supreme Court held that under the Bankruptcy Act liability continued, despite the filing of a petition in bankruptcy, for both principal and interest on a debt found to be nondischargeable. Chief Justice Warren made this conclusion in the course of considering the allowance of post-petition interest on a nondischargeable tax claim. The Chief Justice stated that:

> logic and reason indicate that post-petition interest on a tax claim, excepted from discharge by § 17 of the Act should be recoverable in a later action against the debtor personally, and there is no evidence of any congressional intent to the contrary.

*Bruning*, 376 U.S. at 360, 84 S.Ct. at 908.

█ Applying this decision to the case before me, I find that the Plaintiffs' claim for both principal and prejudgment interest is warranted and survives, unimpeded, the filing of the petition and the issuance of any discharge.

Next, we need to consider what law is applicable in determining the award of prejudgment interest. The question involves whether to use state substantive law or federal law to arrive at the proper prejudgment interest rate.

█ If this had been a diversity case, or one grounded on state law, the Michigan interest rate statute would have to be used in the consideration of prejudgment interest. *In re Scrima*, 119 B.R. 539, 541 (Bankr.W.D.Mich.1990). In *Scrima*, I held that the right to interest was governed by M.S.A. § 27A.6013 [M.C.L.A. § 600.6013] from the date of filing until the entry of judgment. My decision in that case was based upon the Sixth Circuit Court of Appeals case of *American Anodco, Inc. v.*

*Reynolds Metals Co.*, 743 F.2d 417, 425 (6th Cir.1984), where it was held that state substantive law governs the issue of prejudgment interest in diversity cases.

█ But, determining the dischargeability of a debt under § 523(a)(2)(A) is purely a matter of federal law. *In re Mills*, 111 B.R. 186, 208 (Bankr.N.D.Ind.1988). Therefore, in determining the award of prejudgment interest, state law does not, of necessity, apply.

In cases based upon federal law, like the one before me now, the Sixth Circuit has stated that "in the absence of a statutory provision to the contrary, the award of prejudgment interest is a matter addressed to the discretion of the court." *EEOC v. Wooster Brush Company Employee Relief Association*, 727 F.2d 566, 578 (6th Cir.1984). Whereas 28 U.S.C.A. § 1961 explicitly governs the rate and accrual of interest postjudgment, no federal statute governs the application of interest prejudgment and the determination is entrusted to the trial court judge.

The Sixth Circuit case just cited, expressed a preference for employing, by analogy, the post-judgment rate of 28 U.S.C.A. § 1961(a) to the prejudgment accrual of interest. The Court stated that:

> All of the foregoing suggests to us that the matter of prejudgment interest remains essentially one for the discretion of the trial judge. Undoubtedly in the future, district courts may be influenced by the congressional wisdom expressed in the amendment of 28 U.S.C. § 1961(a), but we do not think that they are invariably compelled to adopt the statutory postjudgment rate in determining prejudgment interest.

*EEOC v. Wooster Brush Company*, 727 F.2d at 579.

█ Since the Plaintiffs have pursued their claim against the Defendants under the provisions of § 523(a)(2)(A) in seeking a denial of discharge, I believe that it is both proper and expedient to adopt the reasoning of the Sixth Circuit and determine both pre and postjudgment interest based upon 28 U.S.C.A. § 1961(a). In denying the

Debtors' a discharge, a matter of federal law was before me, because of that, and in my discretion, I now adopt the guidelines set forth under the federal statute in determining prejudgment interest for the Plaintiffs.

Finally, the provisions of the federal interest rate statute need to be applied to the matter before us for both pre and postjudgment interest.

28 U.S.C.A. 1961 establishes the federal rate as follows:

> [I]nterest shall be calculated ... at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment.

Currently, the federal judgment rate of interest is 6.26%. Therefore, I award both pre and postjudgment interest to the Plaintiffs at the amount set forth in the federal statute.

## CONCLUSION

In light of the foregoing, I now hold that:

1. Plaintiffs claim against Defendant/Debtor Gary Brace is nondischargeable under 11 U.S.C. § 523;

2. Plaintiffs' claim against Defendant/Debtor Jean Brace is dischargeable;

3. Judgment in the amount of $29,-303.35 shall be and is hereby entered in favor of the Plaintiffs against Defendant Gary Brace;

4. Prejudgment interest of $5322.15 is awarded, determined at the federal rate (6.26%), from the time of filing the state court action (September 1, 1988) until the entry of judgment in this court (May 31, 1991);

5. Postjudgment interest is awarded and is to be determined from the date of the entry of judgment to the date of payment at the federal rate of 6.26%;

6. Costs are awarded in the amount of $120.00.