■ ROBIN HAIRSTON, Appellant-Respondent, v METRO-NORTH COMMUTER RAILROAD, Respondent-Appellant. ROBIN HAIRSTON, Respondent, v METRO-NORTH COMMUTER RAILROAD, Appellant. [823 NYS2d 391]—

Judgment, Supreme Court, New York County (Richard F. Braun, J., and a jury), entered February 24, 2005, inter alia, apportioning fault 50% against plaintiff and 50% against defendant, and awarding plaintiff $50,000 for past pain and suffering and $100,000 for future pain and suffering, prior to apportionment, and postverdict/prejudgment interest of $1,233.21, unanimously modified, on the law and the facts, to vacate the awards for postverdict/prejudgment interest and for past and future pain and suffering, and to direct a new trial on the issues of past and future pain and suffering only, and otherwise affirmed, without costs, unless within 30 days of service of a copy of this order with notice of entry, defendant stipulates to increase the awards for past and future pain and suffering to $100,000 and $200,000, respectively, prior to apportionment,

and to entry of an amended judgment in accordance therewith. Order, same court and Justice, entered July 27, 2005, which, sua sponte, set aside the verdict and directed a new trial unless defendant stipulated to increase the jury awards for past and future pain and suffering to $400,000 and $400,000, unanimously reversed, on the law, without costs, and the order vacated.

The jury's 50% apportionment against plaintiff is supported by a fair interpretation of evidence that turned largely on plaintiff's credibility and showed that she failed to exercise reasonable care in climbing down the stepladder from which she fell (*see Lewis v Port Auth. of N.Y. & N.J.*, 8 AD3d 205, 206 [2004]). The trial court lacked authority to sua sponte reconsider plaintiff's motion to set aside the verdict once the judgment was entered (*see Salamone v Wincaf Props.*, 9 AD3d 127, 133-134 [2004], *lv dismissed* 4 NY3d 794 [2005]; *Garrick Aug Assoc. Store Leasing v Scali*, 278 AD2d 23 [2000]). Accordingly, we reverse and vacate the order that granted that motion and directed a new trial unless defendant stipulated to larger awards for past and future pain and suffering. Upon review of the judgment, whether we apply the state CPLR 5501 (c) standard or the Federal Employers' Liability Act (FELA) standard, we find the awards for pain and suffering inadequate to the extent indicated. Plaintiff was hospitalized for eight days immediately after the accident, and, when physical therapy, oral medications and epidural steroid injections failed to alleviate the pain in her neck and back, underwent spinal fusion surgery two years after the accident, but she continues to suffer pain (*cf. Rountree v Manhattan & Bronx Surface Tr. Operating Auth.*, 261 AD2d 324 [1999], *lv denied* 94 NY2d 754 [1999]; *Valentin v City of New York*, 293 AD2d 313 [2002]; *Miranda v New Dimension Realty Co.*, 278 AD2d 137 [2000]). Since the action is under the Federal Employers' Liability Act (45 USC § 51 *et seq.*), the award of interest from the date of the verdict to the date of the judgment was improper (*Paniccia v Long Is. R.R. Co.*, 297 AD2d 366, 368 [2002]), and we modify accordingly. Concur—Friedman, J.P., Marlow, Sullivan, Nardelli and Gonzalez, JJ.