Dennis E. KINWORTHY, Appellant,

v.

**SOO LINE RAILROAD COMPANY**
d/b/a CP Rail System,
Respondent.

No. A13–0915.

Court of Appeals of Minnesota.

Dec. 30, 2013.

Randal W. LeNeave, Richard L. Carlson, Hunegs, LeNeave & Kvas, P.A., Wayzata, MN, for appellant.

Jeffrey A. Abrahamson, Sweeney & Masterson, PA, St. Paul, MN, for respondent.

Considered and decided by PETERSON, Presiding Judge; STONEBURNER, Judge; and ROSS, Judge.

## OPINION

PETERSON, Judge.

A jury awarded appellant damages in an action brought under FELA in Minnesota state court, and the district court denied appellant's motion seeking interest on the jury award under Minn.Stat. § 549.09 (2012) from the date of the verdict to the date judgment was entered. Because federal substantive law governs FELA actions brought in state court, and, under federal law, prejudgment interest is not recoverable in a FELA case, we affirm.

## FACTS

 Appellant Dennis Kinworthy was injured in January 2009 in the scope of his employment as a conductor with respondent Soo Line Railroad Company, d/b/a CP Rail System. Appellant filed an action in Minnesota state court seeking recovery under federal statutory law. A jury found that CP violated the Locomotive Inspection Act (LIA), 49 U.S.C. §§ 20701–20703 (2006), which caused appellant's injury, and awarded appellant damages of $340,000.[1] The parties stipulated that the award should be reduced by collateral sources of $6,000, based on appellant's receipt of wage advancements from CP, and

$15,457, based on his receipt of sickness benefits from the United States Railroad Retirement Board. The district court ordered judgment in the amount of $318,543, which was entered after the automatic 30–day stay of judgment under Minn. R. Gen. Pract. 125 expired.

Appellant moved for costs and disbursements, which were awarded by the district court administrator. He then moved to amend the judgment, under Minn.Stat. § 549.09, subd. 1(a), (c), to include interest from the date of the special verdict until the entry of judgment. CP objected, arguing that, under *Monessen Sw. Ry. v. Morgan*, 486 U.S. 330, 335, 108 S.Ct. 1837, 1842, 100 L.Ed.2d 349 (1988), and *Melin v. Burlington N. R.R.*, 401 N.W.2d 418, 420 (Minn.App.1987), the issue of prejudgment interest in FELA actions is governed by federal law, and federal and state courts have held that prejudgment interest is not available under FELA. After a hearing, the district court denied appellant's motion based on its determination that binding precedent did not allow the recovery of postverdict, prejudgment interest in a FELA action. Appellant sought reconsideration under Minn. R. Gen. Pract. 115.11, which was denied. This appeal followed.

## ISSUE

Is a prevailing plaintiff in a FELA action entitled to receive postverdict, prejudgment interest on the amount of recovery, based on the application of federal substantive law?

## ANALYSIS

 The availability of postverdict, prejudgment interest in a FELA action

1. Because the LIA, which imposes a duty to provide safe equipment on interstate railroads, does not provide a right of action to injured employees, a claim for violation of the LIA is brought under FELA. *Urie v. Thompson*, 337 U.S. 163, 188–89, 69 S.Ct. 1018, 1033–34, 93 L.Ed. 1282 (1949). Proof of an LIA violation is sufficient to establish negligence as a matter of law under FELA. *Id.* at 189, 69 S.Ct. at 1034. Federal and state courts have concurrent jurisdiction to hear FELA claims. *Norfolk S. Ry. v. Sorrell*, 549 U.S. 158, 165, 127 S.Ct. 799, 805, 166 L.Ed.2d 638 (2007).

brought in Minnesota state court presents a legal issue, which this court reviews de novo. *See Trapp v. Hancuh,* 587 N.W.2d 61, 62 (Minn.App.1998) (stating that availability of statutory prejudgment interest is a legal question, which is reviewed de novo); *Melin,* 401 N.W.2d at 420 (stating that FELA has no prejudgment-interest provision and that circuit courts have uniformly concluded that "Congress did not intend to provide prejudgment interest"). In *Monessen,* the United States Supreme Court stated that "[s]tate courts are required to apply federal substantive law in adjudicating FELA claims" and "that the proper measure of damages under ... FELA is inseparably connected with the right of action, and therefore is an issue of substance that must be settled according to general principles of law as administered in the Federal courts." 486 U.S. at 335, 108 S.Ct. at 1842 (quotation omitted). The *Monessen* court recognized that "federal and state courts have held with virtual unanimity over more than seven decades that prejudgment interest is not available under ... FELA." *Id.* at 338, 108 S.Ct. at 1844 (citing *Melin,* 401 N.W.2d at 420) (other citations omitted). In *Melin,* which was decided during the year before *Monessen,* this court acknowledged that federal law governs the application of prejudgment interest under FELA. *Melin,* 401 N.W.2d at 420; *see also Dice v. Akron, Canton & Youngstown R.R.,* 342 U.S. 359, 361–62, 72 S.Ct. 312, 314, 96 L.Ed. 398 (1952) (holding that the validity of a release in a FELA action was to be determined under federal, rather than state, law). "[O]nly if federal law controls can the federal Act be given that uniform application throughout the country essential to effectuate its purposes." *Dice,* 342 U.S. at 361, 72 S.Ct. at 314.

The United States Supreme Court has also held that, in an action alleging a violation of federal law, interest is calculated from the date of the entry of judgment, not the date of the verdict. *Kaiser Aluminum & Chem. Corp. v. Bonjorno,* 494 U.S. 827, 835, 110 S.Ct. 1570, 1575–76, 108 L.Ed.2d 842 (1990). In *Kaiser Aluminum,* the Supreme Court rejected the policy argument that a plaintiff should be compensated for the loss of the use of funds during the period between the verdict and the judgment, reasoning that the plain language of the federal interest statute requires the calculation of interest "from the date of the entry of the judgment," which is a date certain. 494 U.S. at 835, 110 S.Ct. at 1575; *see* 28 U.S.C. § 1961 (2006) (federal interest statute). The Court observed that, "[b]y linking all post-judgment activity to the entry of a judgment, the courts have been provided a uniform time from which to determine post-judgment issues." *Kaiser Aluminum,* 494 U.S. at 835, 110 S.Ct. at 1575 (quotation omitted).

Following *Monessen,* a number of state courts have recognized the rule that federal, not state, law governs the availability of prejudgment interest in FELA actions. *See Lund v. San Joaquin Valley R.R.,* 31 Cal.4th 1, 1 Cal.Rptr.3d 412, 71 P.3d 770, 778–79 (2003) (concluding that, under *Monessen,* California prejudgment interest law must give way to congressional decision to not allow prejudgment interest in FELA actions); *Bodenheimer v. New Orleans Pub. Belt,* 860 So.2d 534, 534 (La. 2003) (stating that "prejudgment interest is not available in FELA cases as legal interest may only accrue from the date of judgment"); *Paniccia v. Long Island R.R.,* 297 A.D.2d 366, 746 N.Y.S.2d 607, 608 (N.Y.App.Div.2002) (citing *Monessen* and holding that trial court erred by awarding interest from date of verdict to date of judgment because, in FELA cases, "state courts may not award prejudgment interest"); *Eschberger v. Consol. Rail Corp.,* 181 A.D.2d 1073, 583 N.Y.S.2d 65,

65 (N.Y.App.Div.1992) (concluding that, under *Monessen* and *Kaiser Aluminum,* trial court erred by denying motion to vacate portion of judgment awarding interest from date of verdict to entry of judgment).

Appellant argues that *Monessen* and *Melin* are inapposite because prejudgment interest is not the same as postverdict interest, which he is seeking in this action. Appellant contends that postverdict interest is a procedural matter, not substantive, and that, as a matter of state procedural law under Minn.Stat. § 549.09, he is entitled to interest from the time of the verdict until the entry of judgment. That statute provides, in part, that, "[w]hen a judgment or award is for the recovery of money, ... interest from the time of the verdict, award, or report until judgment is finally entered shall be computed by the court administrator or arbitrator ... and added to the judgment or award." *Id.,* subd. 1(a).

Appellant cites three state court decisions that have interpreted *Monessen* to allow interest in a FELA action to be calculated from the date of the verdict under state law. But these three decisions applied three different analyses, and we are not bound by their results. *See Lockley v. CSX Transp. Inc.,* 66 A.3d 322, 326 & n. 4, 327 (Pa.Super.Ct.2013) (characterizing postverdict interest in FELA action as procedural, rather than substantive, and concluding that state interest statute created no substantive right); *Jacobs v. Dakota, Minn., & E. R.R.,* 806 N.W.2d 209, 216 (S.D.2011) (concluding that postverdict interest is distinguishable from prejudgment interest because it is not calculated from the date of judicial demand until the verdict);; *Weber v. Chicago & Nw. Transp. Co.,* 191 Wis.2d 626, 530 N.W.2d 25, 31–32 (1995) (differentiating between postverdict interest as interest on items of cost, and

preverdict interest as part of compensatory damages).

■ "Prejudgment interest" is defined as "[s]tatutorily prescribed interest accrued either from the date of the loss or from the date when the complaint was filed up to the date the final judgment is entered." *Black's Law Dictionary* 887 (9th ed.2009); *cf. Andrulonis v. United States,* 26 F.3d 1224, 1230 (2d Cir.1994) (stating that "[p]ostjudgment interest is designed to compensate the plaintiff for the delay it suffers from the time damages are reduced to an enforceable judgment to the time the defendant pays the judgment"). Although *Monessen* does not specifically deal with the issue of postverdict interest, it does not suggest that postverdict interest should be treated differently than other prejudgment interest. And, as a matter of substantive law, interest in an action brought under federal law is only available as of the date of the entry of judgment. *See Kaiser Aluminum,* 494 U.S. at 834–35, 110 S.Ct. at 1575–76 (explaining its conclusion that postjudgment interest runs from date of entry of judgment not from date of verdict). We conclude that postverdict interest that accrues before the entry of judgment unambiguously falls into the category of "prejudgment interest," which presents a matter of federal substantive law in a FELA action. *See Monessen,* 486 U.S. at 335, 108 S.Ct. at 1842 (stating that proper measure of damages under FELA is issue of substantive law and that what constitutes proper measure of damages under FELA necessarily includes whether prejudgment interest may be awarded).

Appellant argues that applying Minn. Stat. § 549.09 to allow prevailing plaintiffs in FELA actions to recover interest between the date of the verdict and the date of judgment is consistent with FELA's stated purpose of " 'provid[ing] liberal recovery for injured workers.' " *Gallagher v.*

*BNSF Ry.*, 829 N.W.2d 85, 92 (Minn.App. 2013) (quoting *Monessen*, 486 U.S. at 337, 108 S.Ct. at 1843). But, with respect to the availability of interest in a FELA action, we must also consider the policy of uniformly applying federal substantive law. *Dice*, 342 U.S. at 361, 72 S.Ct. at 314. As a matter of federal substantive law, a prevailing party is not entitled to recover postverdict, prejudgment interest.

## DECISION

Because federal substantive law applies in a FELA action, and the availability of postverdict, prejudgment interest is a matter of substantive law, the district court did not err when it declined to award appellant postverdict, prejudgment interest on his damages award.

**Affirmed.**