STATE OF MINNESOTA

IN SUPREME COURT

A13-0915

Court of Appeals

Dietzen, J.
Concurring, Lillehaug, J.

Dennis E. Kinworthy,

      Appellant,

vs.

Filed:  March 4, 2015
Office of Appellate Courts

Soo Line Railroad Company,
d/b/a CP Rail System,

      Respondent.

_____

Randal W. LeNeave, Richard L. Carlson, Hunegs, LeNeave, & Kvas, P.A., Wayzata, Minnesota, for appellant.

Megan K. Ricke, Jeffrey A. Abrahamson, Ricke & Sweeney, P.A., Saint Paul, Minnesota, for respondent.

_____

S Y L L A B U S

1.     The recoverability of prejudgment interest in an action brought in state court under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 (2012), is governed by federal substantive law.

2.     Pursuant to existing federal law, a successful plaintiff in a FELA action brought in state court is not entitled to post-verdict, prejudgment interest under Minn. Stat. § 549.09, subd. 1(a) (2014).

Affirmed.

1

O P I N I O N

DIETZEN, Justice.

The issue in this case is whether a successful plaintiff in a state court action brought under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60 (2012), is entitled to interest under Minnesota law from the date of the jury verdict until the date of the entry of judgment. Appellant Dennis Kinworthy brought a FELA lawsuit against respondent Soo Line Railroad Company, and the jury awarded him damages for his injuries. The district court denied Kinworthy's post-trial motion under Minn. Stat. § 549.09, subd. 1(a) (2014) for interest from the date of the verdict to the date of judgment, on the ground that prejudgment interest is not available in a FELA action. The court of appeals affirmed. Because post-verdict, prejudgment interest is not available in a FELA action as a matter of federal substantive law, we affirm.

Dennis Kinworthy was injured on January 24, 2009, during the course of his employment as a conductor with respondent Soo Line. Kinworthy brought an action against Soo Line in Minnesota state court seeking the recovery of damages under FELA and the Locomotive Inspection Act (LIA), 49 U.S.C. §§ 20701-20703 (2012).[1] After trial, the jury returned a verdict in favor of Kinworthy for $340,000, finding that the railroad had violated LIA.

---

[1]     The Supreme Court has interpreted the LIA to be an amendment to FELA, such that proof of a violation of LIA is effective to show negligence as a matter of law under FELA. *See Urie v. Thompson*, 337 U.S. 163, 189 (1949).

2

Kinworthy subsequently filed a motion to amend the judgment, requesting $7,854.30 in interest on the judgment, calculated from the date of the verdict until the date the judgment was entered, pursuant to Minn. Stat. § 549.09, subd. 1(a). Soo Line opposed Kinworthy's motion, and the district court denied the motion on the ground that prejudgment interest is not available in FELA cases under binding precedent from the United States Supreme Court. *See Monessen Sw. Ry. v. Morgan*, 486 U.S. 330 (1988).

The court of appeals affirmed the denial of prejudgment interest, concluding that *Monessen*, 486 U.S. 330, is controlling and that federal substantive law does not permit prejudgment interest in FELA actions. *Kinworthy v. Soo Line R.R.,* 841 N.W.2d 363, 367-68 (Minn. App. 2013).

I.

Kinworthy argues that his FELA case, which was commenced in Minnesota state court, is subject to state procedural rules; that post-verdict interest under Minn. Stat. § 549.09, subd. 1(a), is a procedural rule; and therefore, that he is entitled to post-verdict interest under the statute. Thus, Kinworthy argues that federal precedent on prejudgment interest does not apply. Soo Line counters that Kinworthy is not entitled to post-verdict, prejudgment interest in his state court FELA action because under *Monessen*, 486 U.S. at 338, prejudgment interest is not available in FELA actions.

There are no factual disputes in this appeal; rather, the application of Minn. Stat. § 549.09, subd. 1(a), in a state court FELA action is a question of law, which we review de novo. *See Monessen*, 486 U.S. at 335.

3

Under Minnesota law, a successful plaintiff in a state court action generally may recover pre-verdict interest. Minn. Stat. § 549.09, subd. 1(b). Once a verdict is rendered, "[t]he court administrator shall stay entry of judgment for thirty days . . . unless the court orders otherwise." Minn. Gen. R. Prac. 125. During this delay between the verdict and the entry of judgment, a successful plaintiff generally may recover "interest from the time of the verdict, award, or report until judgment is finally entered," or post-verdict interest. Minn. Stat. § 549.09, subd. 1(a). Thus, a successful plaintiff in a state court action is generally entitled to recover not only pre-verdict interest, but also post-verdict interest until the date judgment is entered. *Id.*, subd. 1(a)-(b).

To determine whether a successful plaintiff is entitled to recover post-verdict, prejudgment interest in a state court FELA action, we first discuss the nature of a cause of action under FELA, and then examine relevant case law regarding the availability of post-verdict, prejudgment interest.

A.

Under FELA, a railroad "shall be liable in damages to any [employee] suffering injury . . . from the negligence" of the railroad or its employees. 45 U.S.C. § 51. Congress enacted FELA in 1908 to "provide a federal remedy for railroad workers who suffer personal injuries as a result of the negligence of their employer or their fellow employees." *Atchison, Topeka & Santa Fe Ry. v. Buell*, 480 U.S. 557, 561 & n.5 (1987). FELA was enacted to achieve national uniformity in personal injury actions brought by railroad employees against their railroad employers. *Dice v. Akron, Canton & Youngstown R.R.*, 342 U.S. 359, 361 (1952); *N.Y. Cent. R.R. v. Winfield*, 244 U.S. 147,

4

149 (1917). An injured railroad employee may bring a FELA claim in either state or federal court. 45 U.S.C. § 56 ("The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States.").

When a plaintiff chooses to bring a FELA claim in state court, as is the case here, federal law governs all substantive matters, but procedural matters are subject to state procedural rules. *St. Louis Sw. Ry. v. Dickerson*, 470 U.S. 409, 411 (1985); *Brown v. W. Ry. of Ala.*, 338 U.S. 294, 296 (1949). A state's classification of its own law as procedural is not dispositive; instead, we must look to federal law to determine what is procedural and what is substantive. *See Monessen*, 486 U.S. at 336; *Dice*, 342 U.S. at 363; *Brown*, 338 U.S. at 298-99. Thus, a state court faced with the question of whether a particular issue in the case is governed by federal or state law must determine whether the issue is a "procedural" matter in which the state applies its own law, or a "substantive" matter in which the state court applies federal law.

The United States Supreme Court, however, has also considered principles of uniformity and the supremacy of federal law in determining whether state law applies to FELA causes of action. Based upon these considerations, some state rules that have traditionally been regarded as procedural, such as presumptions, jury trials, pleadings, statutes of limitations, and damages, have been deemed substantive in FELA cases in order to ensure uniform enforcement of the Act. *See, e.g.*, *Dickerson*, 470 U.S. at 411 (jury instructions regarding the proper measure of damages are substantive); *Chesapeake*

5

*& Ohio Ry. v. Kelly*, 241 U.S. 485, 489-90 (1916) (proper measure of damages is substantive).[2]

More recently, the Supreme Court applied principles of uniformity and supremacy of federal law in a case that squarely addressed whether prejudgment interest is available in a state court FELA action. *Monessen Sw. Ry. v. Morgan,* 486 U.S. 330 (1988). In *Monessen*, the Court considered whether, pursuant to local practice, a state court may award pre-verdict, prejudgment interest in a FELA action brought in state court. 486 U.S. at 334. There, a railroad employee brought a FELA action against his employer in Pennsylvania state court and was awarded $125,000 in damages and approximately $27,000 in prejudgment interest under the Pennsylvania Rules of Civil Procedure. 486 U.S. at 332. The Court reversed and remanded the award of prejudgment interest, holding that state courts may not award "prejudgment interest" pursuant to a state rule of civil procedure in FELA actions. 486 U.S. at 338-39. The Court concluded that prejudgment interest constitutes a substantial part of a defendant's potential liability under FELA, and therefore should be determined by federal substantive law, not state procedural rules. 486 U.S. at 336. Based upon its analysis, the Court concluded that federal law does not authorize the award of prejudgment interest in a FELA action. 486 U.S. at 336-38. Specifically, the Court reasoned that when Congress enacted FELA in

---

[2]   *See also Norfolk & W. Ry. v. Liepelt*, 444 U.S. 490, 492-93 (1980) (jury instructions are substantive); *Dice*, 342 U.S. at 363 (jury trial is substantive); *Brown*, 338 U.S. at 295-96 (pleadings standard is substantive); *New Orleans & Ne. R.R. v. Harris*, 247 U.S. 367, 372 (1918) (presumption in favor of plaintiffs is substantive); *Atl. Coast Line R.R. v. Burnette*, 239 U.S. 199, 201 (1915) (statute of limitations is substantive); *Cent. Vt. Ry. v. White*, 238 U.S. 507, 512 (1915) (burden of proof is substantive).

1908, the federal common law did not allow prejudgment interest in personal injury or wrongful death suits, and there is no evidence that Congress intended to abrogate the common law *sub silentio*. *Id*. at 337-38. Moreover, when *Monessen* was decided, federal and state courts had concluded with virtual unanimity over more than seven decades that prejudgment interest is not available under FELA. 486 U.S. at 338. Further, neither FELA nor the federal interest statute, 28 U.S.C. § 1961 (2012), mention prejudgment interest. 486 U.S. at 336. Consequently, prejudgment interest is not available in a FELA action.

B.

With these principles in mind, we return to the question of whether Kinworthy is entitled to recover post-verdict, prejudgment interest. Essentially, Kinworthy makes three arguments. First, Kinworthy relies upon *Lienhard v. State*, 431 N.W.2d 861 (Minn. 1988), to argue that he is entitled to interest from the time of the verdict until the entry of judgment under state law. *See* Minn. Stat. § 549.09, subd. 1. According to Kinworthy, pre-verdict and post-verdict interest serve "different purposes" and therefore should receive different treatment. It is true that in *Lienhard* we described post-verdict interest and post-judgment interest as "compensation for the loss of use of money as a result of the nonpayment of a liquidated sum, for which liability has already been determined." 431 N.W.2d at 865. But the classification of post-verdict, prejudgment interest as substantive or procedural in a FELA action must be resolved by federal law, not state law. *See Monessen*, 486 U.S. at 336; *Dice*, 342 U.S. at 363; *Brown*, 338 U.S. at 298-99.

7

Consequently, our classification of post-verdict, prejudgment interest as procedural in *Lienhard* is not relevant to the issue before us.[3]

Second, Kinworthy relies upon several decisions from other states to argue that *Monessen* did not address the issue of post-verdict, prejudgment interest, and therefore

---

[3]     Kinworthy also argues that providing for post-verdict, prejudgment interest under Minn. Stat. § 549.09, subd. 1(a), promotes the uniformity envisioned by Congress when it enacted FELA by equalizing the interest available in a Minnesota state court and Minnesota federal district court. Specifically, Kinworthy argues that the delay caused by the automatic stay in Minn. Gen. R. Prac. 125 deprives state court FELA litigants of interest they would receive upon an immediate entry of judgment in the federal system. *Compare* Minn. Gen. R. Prac. 125 (providing for the stay of entry of judgment for 30 days "after the court orders judgment following a trial unless the court orders otherwise"), *with* Fed. R. Civ. P. 58(b) (providing generally for the prompt entry of judgment when the jury returns a general verdict or the court awards "a sum certain").

    Kinworthy's uniformity argument lacks merit. It is true that differences in the rules of civil procedure in federal district court and in Minnesota state court may result in a practical circumstance in which a FELA plaintiff in Minnesota federal district court receives interest from the date of verdict, but a FELA plaintiff in Minnesota state court does not begin to receive interest until the date of the judgment following the determination of post-trial motions. Notably, Minn. R. Civ. P. 58.01 provides for the entry of judgment upon a jury verdict "forthwith," and Minn. Gen. R. Prac. 125 does not prevent the district court from ordering the immediate entry of judgment without a 30-day stay. Thus, a successful FELA plaintiff may request immediate entry of judgment in state court, and the state court has the authority to eliminate the loss of interest in FELA cases by declining to delay the entry of judgment if the court concludes it is appropriate to do so.

    Moreover, Congress enacted FELA to achieve national uniformity, and that uniformity is achieved when federal substantive law governs the adjudication of FELA claims in state courts. Here, Kinworthy seeks to substitute state law—Minn. Stat. § 549.09, subd. 1(a)—for federal substantive law, which would result in a lack of uniformity because the state law is not the same as federal law on point.

*Monessen* is not dispositive.[4]  We agree that the precise issue before the Court in *Monessen* involved pre-verdict interest, not post-verdict, prejudgment interest.  But the *Monessen* opinion broadly concluded that "prejudgment interest" of any kind is not recoverable in a state court FELA action.  *Monessen*, 486 U.S. at 336.  The basic definition of "prejudgment interest" in the opinion clearly means any and all interest that accrues before the entry of the judgment in the case.

The Supreme Court's decision in *Kaiser Aluminum & Chemical Corp. v. Bonjorno,* 494 U.S. 827, 835 (1990), confirms this conclusion.  In *Kaiser*, the Court considered whether post-judgment interest under the federal interest statute, 28 U.S.C. § 1961, properly runs from the date of the damages verdict or the date of the entry of judgment.  494 U.S. at 834.  The Court held that under the plain language of the federal interest statute, post-judgment interest accrues from the date of the entry of judgment, not the date of the verdict.  494 U.S. at 836.  Therefore, under federal law post-judgment interest is calculated from the date of entry of judgment and all interest prior to the entry of judgment is necessarily prejudgment interest.

---

[4]  Currently, only a handful of state courts have considered the issue before us, and those that have are split.  Some states have concluded that post-verdict, prejudgment interest is not recoverable in a FELA action.  *See Lund v. San Joaquin Valley R.R.*, 71 P.3d 770, 779 (Cal. 2003); *Bodenheimer v. New Orleans Pub. Belt,* 860 So. 2d 534 (La. 2003); *Hairston v. Metro-North Commuter R.R.*, 823 N.Y.S.2d 391, 393 (N.Y. App. Div. 2006).  Other state courts have concluded it is recoverable.  *See Lockley v. CSX Transp., Inc.*, 66 A.3d 322, 326-29 (Pa. Super. Ct. 2013); *Jacobs v. Dakota, Minn. & E. R.R.*, 806 N.W.2d 209, 216 (S.D. 2011); *Denning v. CSX Transp., Inc.*, No. M2012-01077, 2013 WL 5569145, at *8 (Tenn. Ct. App. Oct. 9, 2013); *Weber v. Chicago & Nw. Transp. Co.*, 530 N.W.2d 25, 31-32 (Wis. Ct. App. 1995).

It would be contrary to logic and common sense to conclude that prejudgment interest includes interest that accrues before the jury verdict, but excludes interest that accrues after the verdict but before entry of the judgment. Had the Court intended to limit prejudgment interest to pre-verdict interest, and not post-verdict, prejudgment interest, it could have easily said so. We discern no basis in *Monessen* to adopt the artificial distinction between pre-verdict and post-verdict, prejudgment interest proposed by Kinworthy. Indeed, Kinworthy proposes that we add a limitation to the holding in *Monessen* that does not exist in the language of the opinion. Further, our interpretation is supported by the underlying reasoning of the opinion. The Court in *Monessen* reasoned that federal law does not authorize prejudgment interest, and there is no evidence that Congress intended to abrogate that law. 486 U.S. at 337-38. Moreover, neither FELA nor the federal interest statute mentions prejudgment interest. 486 U.S. at 336. The most reasonable reading of *Monessen*, therefore, is that prejudgment interest, whether it is pre-verdict or post-verdict, is not recoverable in a FELA action brought in state court.

Our interpretation of *Monessen* is consistent with the principles of national uniformity intended by Congress when it enacted FELA. A plaintiff who brings a FELA action in state court should be subject to the same rule regarding prejudgment interest regardless of the state in which the action is commenced.

We conclude that prejudgment interest under Minn. Stat. § 549.09, subd. 1(a)-(b), whether it is pre-verdict or post-verdict, is not recoverable in a FELA action brought in Minnesota state court. The recoverability of post-verdict, prejudgment interest under Minn. Stat. § 549.09, subd. 1(a), in a FELA action brought in state court is governed by

10

federal substantive law. Pursuant to *Monessen*, 486 U.S. at 338, a successful plaintiff in a FELA action is not entitled to recover post-verdict, prejudgment interest.

Affirmed.

CONCURRENCE

LILLEHAUG, Justice (concurring).

I write separately to: (1) emphasize that we are bound by what may be overbroad United States Supreme Court precedent that it alone can refine; and (2) highlight a potential solution to the FELA post-verdict interest problem.

On September 28, 2012, a jury in state district court returned a verdict in favor of an injured worker, Dennis Kinworthy. But, as is customary in Minnesota state courts, judgment was not entered that day. After considering post-trial motions pursuant to Minn. R. Civ. P. 59, the district court ordered entry of judgment on November 27, 2012. Pursuant to the automatic stay of Minn. Gen. R. Prac. 125, judgment was not entered until December 27, 2012. Thus, there was a 90-day gap from verdict to judgment.

Had the case been tried in federal court, judgment would have been entered promptly after the jury verdict. Under Fed. R. Civ. P. 58, after a verdict "the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment." Post-judgment interest begins to accrue from that date. *See* 28 U.S.C. § 1961 (2012) (federal interest statute). In federal court, Kinworthy would have been entitled to several thousands of dollars of post-judgment interest.

With reluctance, I agree that Kinworthy cannot recover post-verdict prejudgment interest during the 90-day gap because this case is controlled by *Monessen Sw. Ry. v. Morgan*, 486 U.S. 330, 336 (1988), and *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990). Together, *Monessen* and *Kaiser* hold, flatly, that interest prior to judgment is not recoverable in FELA actions, whether in federal court or in state court.

C-1

Perhaps the Supreme Court did not foresee, much less contemplate, the nuance presented in this case: that, under some states' statutes and rules, what is technically post-verdict prejudgment interest is, as a practical matter, the equivalent of federal post-verdict post-judgment interest. But if there were to be such a carve-out from the holdings of *Monessen* and *Kaiser*, it would be for the Supreme Court, rather than us, to wield the scalpel.

In my view, such a carve-out—or, alternatively, a requirement that judgment be entered immediately in state FELA cases so as to start the running of postjudgment interest—would be appropriate so as to equalize interest awards in state and federal courts. This would promote the uniformity goal of FELA, *see Norfolk & Western Ry. v. Liepelt*, 444 U.S. 490, 493 n.5 (1985) (goal of FELA is to create uniformity throughout the country), and further Congress' intent "to provide liberal recovery for injured workers," *Kernan v. American Dredging Co.*, 355 U.S. 426, 432 (1958).

Our holding in this case directly conflicts with the holding of the South Dakota Supreme Court in *Jacobs v. Dakota, Minnesota & Eastern R.R.*, 806 N.W.2d 209 (S.D. 2011) (interest on FELA verdict accrues from the time of the verdict and through entry of judgment). Railroads in the north central region and their employees who move from state to state will face inconsistent outcomes.[1] This conflict between the supreme courts

---

[1]     Railroads that serve both Minnesota and South Dakota are:  BNSF Railway; Soo Line Railroad (a subsidiary of Canadian Pacific Railway); Rapid City, Pierre & Eastern Railroad; and Twin Cities & Western Railroad. *See Official South Dakota Rail Map*, South Dakota Department of Transportation (Nov. 2014), http://www.sddot.com/transportation/railroads/docs/railmap.pdf; *Minnesota Freight and*

(Footnote continued on next page.)

of neighboring states connected by rail might present the Supreme Court with a good opportunity to refine its unequivocal holdings in *Monessen* and *Kaiser*.

Whether or not the high court has that opportunity or takes it, our district courts should be aware that there is a potential safety valve in Rule 125 itself. The automatic stay applies "unless the court orders otherwise." As the Advisory Committee's Comment to Rule 125 confirms, the district court "*can order immediate entry of judgment in any case.*" (Emphasis added.) It strikes me that it would be well within the sound discretion of the district court to enter judgment immediately upon a FELA verdict, by motion of a party[2] or otherwise. This step would transform into post-judgment interest what would otherwise be post-verdict prejudgment interest. Prompt entry of judgment, as is routine in federal court, would promote FELA uniformity and not penalize workers for proceeding in Minnesota district courts.

With these observations, I respectfully concur.

---

(Footnote continued from previous page.)
*Commercial Vehicle Operations*, Minnesota Department of Transportation (Dec. 2014), http://www.dot.state.mn.us/ofrw/maps/MNRailMap.pdf; *Twin Cities & Western Railroad Company and Affiliates*, Twin Cities & Western Railroad Company (Aug. 23, 2013), http://tcwr.net/wp-content/uploads/2013/11/TCW.MPL_.SMRR_.Map_.082313.Screen-11-4-13.pdf.

[2]     No such motion was made in this case. On January 18, 2013, Kinworthy moved to amend the judgment entered on December 27, 2012, to allow for post-verdict prejudgment interest. The motion was denied by order dated April 1, 2013, and a motion for reconsideration was denied by order dated April 30, 2013.